**BRADLEY GROMBACHER, LLP**
Kiley L. Grombacher
31365 Oak Crest Drive, Suite 240
Westlake Village, CA  91361
Kgrombacher@bradleygrombacher.com
Telephone:  805-270-7100
Facsimile:  805-270-7589

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| PETRU ALASU; KEITH BABBITT; AMIT BHATTACHARYA; JOHN BRISCOE; RAMAN GARG; DANIEL GRIFFIN; FRANCISCO GUTIERREZ; AARON JENSEN; JAMES LONG; CHRISTOPHER MARTHA; JOHN MURRAY;CHRISTOPHER RODRIQUEZ; JAMES ROUTH; BOGUSLAW RICHARD BARANOWSKI; BRIAN JOSEPH TATE; LABIB LEO JIMENEZ-GOMEZ; ELINOR CAROLYN SAUNDERS; GRAHAM DICKINSON; PAUL WESTON ("WESTON") EDEN; JEFFREY I. ELLIS; CHRIS PAUL HORGER; ANDRZEJ JAKUBOWSKI; ROBERT E. MEANY; JOHN M. ROTONDO; DONALD C. SIMONTON, JR.; TODD EDWARD GAMMON; | **Case No.:** <br><br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Class Action Complaint and Demand for Jury Trial

STEPHEN MARTIN HUISH; GERALD
JOSEPH ("JERRY") BAKER; CASH
SPERRING MCVAY; DEVON
BENTLEY MERTZ; ERIC L.
WEINSTOCK; JEREMY VILLALOBOS
RANDALL ("RANDY") LEMON;
HEIDI KARLSEN; JESSE R. LACKEY;
JOHN ANTHONY ROURKE; WALTER
E. AUGUSTINE; DIRK RAPHAEL
("RAPHAEL") ADOLPH; MICHAEL D.
ALLMAN; TERRY LORENZO GRANT;
MICHAEL NOVAK; MICHAEL C.
FISK; JORDAN B. SANDERS;
NEDIALKA "NELLY" I. PETROVA;
JULIET TRAN; BEN FRITCH; PAUL
UNRUH; RONALD LINN ("RON")
BOWLING; JASON PAUL
CATANZARO; DAN J. IANELLO;
JOSHUA DANIEL TORRES; KEVIN P.
MACK; HAROLD JAMES KURTZ, III;
ALEXIS ("ALEX") PEREZ; BENJAMIN
T. LITTAUER; VINCENT WILLIAM
D'ORTONA; JOVANN SILVA
DELGADO; DAVID HARRIS;
NERALDO DODA; GREGORY
STEPHEN LOBERG; CRAIG EDWARD
TYLER; ART A. MARTELLO;
CARTER W. RUESS; BRADLEY
WHITE; ERIC EUGENE

Class Action Complaint and Demand for Jury Trial

RICHARDSON; VINCENT D'AMELIO;
CHARLES BYRON ("CHUCK")
GROSS, JR.; DONALD GERARD
("DON") KISLAN; RORY THOMAS
FEELEY; MARCUS JORDAN CONN;
WILLIAM BEECHER; DAMON NEIL
BURGESS; ALEXANDER YUSUPOV;
RAFAL STANISLAW KULPA; JOSEPH
F. EDUARDO; DANIEL WERTER;
KARL NORBERT KOTAS; RUDY DE
DOMINICIS; NICOLE MARIE
LIEURANCE; HEALLAL
RASHIDZADA; JAMES MASSETTI,
JR.; ILGAR OLEGOVICH ABRAMOV;
TIMOTHY B. PLOUGH; JEFFREY
RILEY ("JEFF") ROGERS; JAMES
WESLEY PRIDGEN; MARIO
MANKAS; ERIK CHRISTOPHER
NELSON; TREVOR JAMES
PETERSEN; DAVID CHARLES RYAN;
LANDON RAY GRUBB; DEREK G.
YEARWOOD; KENNETH DANIEL
TOOMEY; SAMUEL RYAN ("SAM")
BREAZEALE; TRENT SPENCER
JOHNSON; CHRISTOPHER SCOTT
TAYLOR; TRACY LEE HEATH;
BRENDA G. ABBLEY; PEYTON R.
GILPIN; SCOTT MELVIN NOEL;
STEPHEN T. MELVIN; RANDY S.

Class Action Complaint and Demand for Jury Trial

TREECE; JOSEPH LEE MORRIS;
JOHN ALAN CORELLA; MICHAEL
WAYNE TAYLOR, JR.; DERECK
JAMES ERNEST; ARTHUR STEVEN
("ARTIE") MARTELLO; JACOB HYDE
DEWEY; RODRICK D. JONES; NEIL
DESMOND; ERIC S. JENSEN;
MARCUS AARON YOUNG;
MUSTUJAB HAIDER ("MK")
KIRMANI; DANIEL RAY GOERTZ;
CHRISTOPHER SCOTT ("CHRIS")
DOSS; BRIAN EDWARD PURVIS;
JAMES RAY OWEN; ZACHARY
ROBERT ("ZACH") SOLDWEDEL;
DEREK KARL EIRISH; ROBERT A.
THORPE; MICHAEL WILLIAM
CUMMINGS; BRIAN MCDONNELL
CALLAHAN; DUSTIN ANDREW
FALK; MICHAEL S. MIKULA;
DANIEL BUCKLEY HAYES; DAVID
PHILIP BOON; JOHN HAINRICH
WHEELOCK; GILBERTO
ALEJANDRO PAEZ; DOUGLAS
AARON EDWARDS; JULIE JONELL
("JJ") BARRETT,

            *Plaintiffs*

v.

ATOMIC PROTOCOL SYSTEMS OÜ
D/B/A ATOMIC WALLET,

Class Action Complaint and Demand for Jury Trial

EVERCODE INFINITE D/B/A
EVERCODE LAB, KONSTANTIN
GLADYSHEV A/K/A KONSTANTIN
GLADYCH, ILIA BRUSOV A/K/A
ILYA BEREZOVSKY A/K/A ILYA
BERE, AND PAVEL SOKOLOV
A/K/A PAUL SOKOLOV,

     *Defendants.*

Plaintiffs file this Complaint on behalf of themselves, and all other similarly situated users of Atomic Wallet consumers, against Defendants Atomic Protocol Systems OÜ d/b/a Atomic Wallet (hereinafter "Atomic Wallet"), Evercode Infinite d/b/a Evercode Lab (hereinafter, "Evercode Lab"), Konstantin Gladyshev a/k/a Konstantin Gladych (hereinafter, "Gladyshev"), Ilia Brusov a/k/a Ilya Berezovsky a/k/a Ilya Bere (hereinafter, "Brusov"), and Pavel Sokolov a/k/a Paul Sokolov (hereinafter, "Sokolov").

<u>INTRODUCTION</u>

     1.     This is a class action brought on behalf of all United States users of Atomic Wallet who have suffered damages as a result of Defendants' negligent,

fraudulent, and unlawful conduct in connection with its cryptocurrency platform.

2.      Plaintiffs in this case deposited cryptocurrency with Atomic Wallet, a decentralized "wallet" that accommodates various cryptocurrencies and is available to users on both a desktop and mobile application.

3.      Atomic Wallet is owned, designed, operated, and advertised by Defendants who, together under false aliases, operate a web interrelated of crypto blockchain companies incorporated in various countries throughout the world to disguise their Russian origins from the public and from regulators.

4.      As a result of Defendants' negligent, fraudulent, and unlawful conduct, countless Atomic Wallet user wallets around the world were hacked by North Korean hackers, resulting in the loss of over $100,000,000.00 (100 million) USD worth of cryptocurrency related assets on or about June 3, 2023.

5.      Defendants knew of existing security vulnerabilities in the Atomic Wallet platform since at least as early as April 2021 but failed to take necessary security measures or precautions to protect user data and funds. In particular, Defendants were informed by its security auditor Least Authority that funds held in Atomic Wallet may be at risk due to "existing security vulnerabilities" and that Atomic Wallet should not be deployed or used until the security vulnerabilities were sufficiently remediated but took no measures to inform users of those risks or protect

against those risks.[1]

6.      Least Authority issued a report finding that that "the design and implementation of the Atomic Wallet system does not sufficiently demonstrate considerations for security and places current users of the wallet at significant risk." And that the platform was "insufficiently secure in protecting user assets and private data."[2] Least Authority warned Defendants of concluded:

> **In addition, until the issues and suggestions outlined in the report have been sufficiently remediated and the Atomic Wallet has undergone subsequent security audits, we strongly recommend against the Atomic Wallet's deployment and use."[3]**

7.      Least Authority highlighted security risks for Defendants, including but not limited to:

- current users are vulnerable to a range of attacks that may lead to the total loss of user funds, specifically due to the current use and implementation of cryptography;

- a lack of adherence to wallet system design and development standards and best practices, reducing the overall security of the system and increasing the Atomic Wallet's attack surface;

- a lack of robust project documentation and a comprehensive test suite; and

---

[1] https://web.archive.org/web/20220210153123/https://leastauthority.com/blog/disclosure-of-security-vulnerabilities-in-atomic-wallet/ (last accessed June 13, 2023).
[2] *Id.*
[3] *Id.* (emphasis in original).

Class Action Complaint and Demand for Jury Trial

- an incorrect use of Electron, a framework for building desktop applications, leading to an increased risk of potential security vulnerabilities and implementation errors; and

- as out-of-date and unmaintained dependencies.[4]

8.    Despite knowledge of security vulnerabilities, and recommendations to assess those vulnerabilities and protect user assets, Defendants failed to implement reasonable safeguards. As a result, the Atomic Wallet platform was hacked and the Plaintiffs' funds stolen. Plaintiffs' wallets were vulnerable because of Defendants failure to implement security measures including those recommended by its own consulting security safety group and other measures that a reasonable company in the same industry should have implemented under the circumstances.

9.    These additional security measures also include but are limited to: implementing security practices that prevent the installation of unauthorized software; and/or implementing company-wide training and education on best practices when performing job functions that have a potential to introduce vulnerabilities and/or unauthorized disclosure of private information or transfer of cryptocurrency.

10.    As a result of Defendants' failures, over $100 Million in US Dollar

---

[4] https://web.archive.org/web/20220210153123/https://leastauthority.com/blog/disclosure-of-security-vulnerabilities-in-atomic-wallet/ (last accessed June 13, 2023) (emphasis added).

Class Action Complaint and Demand for Jury Trial

equivalents were stolen from thousands of users who used the Atomic Wallet platform.

## PARTIES

### I.    Plaintiffs

### A. California Class Representatives

11.    Plaintiff Petru Alasu is a citizen and resident of the State of California. Plaintiff currently resides in Fountain Valley, California and resided in Tustin Ranch, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet on YouTube while located in Tustin Ranch, California. Plaintiff downloaded the Atomic Wallet mobile app and desktop app via the Apple App Store, Google Play, and Windows 10 while located in Tustin Ranch, California. While located in Tustin Ranch, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Tustin Ranch, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email and a U.S.-based phone number while located in Tustin Ranch, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Tustin Ranch, California. Plaintiff is a natural person over the age of 21 and is otherwise

*sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately June 15, 2022, through approximately June 3, 2023, at which point approximately $12,653 of Plaintiff's funds were stolen, while located in Tustin Ranch, California. As a result, Plaintiff sustained significant damages for which Defendants are liable.

12.     Plaintiff Keith Babbitt is a citizen and resident of the State of California. Plaintiff currently resides in Hawthorne, California and resided in Hawthorne, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet on YouTube and Twitter while located in Hawthorne, California. Plaintiff downloaded the Atomic Wallet mobile app and desktop app via the Apple App Store and Windows while located in Hawthorne, California. While located in Hawthorne, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Hawthorne, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email and Atomic Wallet's chat functionality while located in Hawthorne, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Hawthorne,

California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately October 5, 2020, through approximately June 3, 2023, at which point approximately $21,661.61 of Plaintiff's funds were stolen while Plaintiff resided in Hawthorne, California. As a result, Plaintiff sustained significant damages for which Defendants are liable.

13.    Plaintiff Amit Bhattacharya is a citizen and resident of the State of California. Plaintiff currently resides in San Diego, California and resided in San Diego, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet on Twitter while located in San Diego, California. Plaintiff downloaded the Atomic Wallet desktop app via the Apple App Store while located in San Diego, California. While located in San Diego, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in San Diego, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email while located in San Diego, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in San Diego,

California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately May 14, 2021, through approximately June 2, 2023, at which point approximately $42,000 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

14.    Plaintiff John Briscoe is a citizen and resident of the State of California. Plaintiff currently resides in Lodi, California and resided in Lodi, California at the time of the hack. When Plaintiff opened an account on Atomic Wallet, Plaintiff linked a U.S. bank account to Atomic Wallet to wire money for purchasing and trading cryptocurrency. Plaintiff viewed sponsored advertisements about Atomic Wallet while located in Lodi, California. Plaintiff downloaded the Atomic Wallet mobile app and via the Android Store while located in Lodi, California. While located in Lodi, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Lodi, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email while located in Lodi, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants,

purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately May 12, 2021, through approximately June 2, 2023, at which point approximately $59,436 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

15.    Plaintiff Raman Garg is a citizen and resident of the State of California. Plaintiff currently resides in San Ramon, California and resided in San Ramon, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet on Twitter and via various social media influencers while located in San Ramon, California. Plaintiff downloaded the Atomic Wallet desktop app via Windows while located in San Ramon, California. While located in San Ramon, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in San Ramon, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email and Atomic Wallet's support ticket functionality while located in San Ramon, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately May 30, 2019, through

approximately June 3, 2023, at which point approximately $10,632 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

16.     Plaintiff Daniel Griffin is a citizen and resident of the State of California. Plaintiff currently resides in San Diego, California and resided in San Diego, California at the time of the hack. Plaintiff viewed sponsored advertisements via banner links on hardware websites about Atomic Wallet while located in San Diego, California. Plaintiff downloaded the Atomic Wallet desktop app via Windows while located in San Diego, California. While located in San Diego, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in San Diego, California. Plaintiff communicated with Atomic Wallet via its chat functionality while located in San Diego, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in San Diego, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately May 1, 2021, through

Class Action Complaint and Demand for Jury Trial

approximately June 3, 2023, at which point approximately $29,000 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

17.    Plaintiff Francisco Gutierrez is a citizen and resident of the State of California. Plaintiff currently resides in El Centro, California and resided in El Centro, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet via YouTube while located in El Centro, California. Plaintiff downloaded the Atomic Wallet mobile app via Google Play while located in El Centro, California. While located in El Centro, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in El Centro, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address while located in El Centro, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in El Centro, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately February 25, 2019, through approximately

Class Action Complaint and Demand for Jury Trial

June 3, 2023, at which point approximately $26,170 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

18.    Plaintiff Aaron Jensen is a citizen and resident of the State of California. Plaintiff currently resides in Chula Vista, California and resided in Chula Vista, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet via Twitter while located in Chula Vista, California. Plaintiff downloaded the Atomic Wallet mobile app and desktop app via Apple App Store and Windows while located in Chula Vista, California. While located in Chula Vista, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Chula Vista, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address while located in Chula Vista, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Chula Vista, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately July 22, 2021, through approximately June 3, 2023, at which point approximately $11,585 of Plaintiff's

funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

19.    Plaintiff James Long is a citizen and resident of the State of California. Plaintiff currently resides in Encinitas, California and resided in Carlsbad, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet via YouTube while located in Carlsbad, California. Plaintiff downloaded the Atomic Wallet mobile app and desktop app via Google Play and Windows while located in Carlsbad, California. While located in Carlsbad, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Carlsbad, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address and the Atomic Wallet chat functionality while located in Carlsbad, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Carlsbad, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately May 26, 2020, through approximately June 3, 2023, at which point approximately

$44,176.77 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

20.    Plaintiff Christopher Martha is a citizen and resident of the State of California. Plaintiff currently resides in Mill Valley, California and resided in Mill Valley, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet via YouTube and social media influencers while located in Mill Valley, California. Plaintiff downloaded the Atomic Wallet desktop app via the Apple App Store while located in Mill Valley, California. While located in Mill Valley, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Mill Valley, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address and the Atomic Wallet chat functionality while located in Mill Valley, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Mill Valley, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately June 7, 2019, through

Class Action Complaint and Demand for Jury Trial

approximately June 2, 2023, at which point approximately $500,000 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

21.     Plaintiff John Murray is a citizen and resident of the State of California. Plaintiff currently resides in Santa Rosa, California and resided in Santa Rosa, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet via Twitter while located in Santa Rosa, California. Plaintiff downloaded the Atomic Wallet desktop app via Windows while located in Santa Rosa, California. While located in Santa Rosa, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Santa Rosa, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address and the Atomic Wallet chat functionality while located in Santa Rosa, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Santa Rosa, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately

Class Action Complaint and Demand for Jury Trial

January 1, 2019, through approximately June 2, 2023, at which point approximately $25,000 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

22.    Plaintiff Christopher Rodriquez is a citizen and resident of the State of California.  Plaintiff currently resides in Inglewood, California and resided in Oxnard, California at the time of the hack. Plaintiff downloaded the Atomic Wallet mobile app and desktop app via Google Play and Windows while located in Oxnard, California. While located in Oxnard, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Oxnard, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address while located in Oxnard, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Oxnard, California. Plaintiff currently resides in Oxnard, California and resided in Oxnard, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet via Twitter while located in Oxnard, California. Plaintiff downloaded the Atomic Wallet desktop app via Windows while located in Oxnard, California. While located in Oxnard, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants represented would keep their

cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in Oxnard, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address and the Atomic Wallet chat functionality while located in Oxnard, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in Oxnard, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately June 17, 2021, through approximately June 2, 2023, at which point approximately $25,995.75 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

23.     Plaintiff James Routh is a citizen and resident of the State of California. Plaintiff currently resides in San Marcos, California and resided in Saa Marcos, California at the time of the hack. Plaintiff viewed sponsored advertisements about Atomic Wallet via YouTube while located in San Marcos, California. Plaintiff downloaded the Atomic Wallet desktop app via Windows while located in San Marcos, California. While located in San Marcos, California, Plaintiff was provided by Evercode and Atomic Wallet with a mnemonic seed phrase, which Defendants

represented would keep their cryptocurrency secure. Plaintiff downloaded Atomic Wallet app updates, made available by Evercode, while located in San Marcos, California. Plaintiff communicated with Atomic Wallet via a U.S.-based email address while located in San Marcos, California. Following the hack, Plaintiff completed an "Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein Plaintiff identified to Defendants that he was located in San Marcos, California. Plaintiff is a natural person over the age of 21 and is otherwise *sui juris*. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in California. Plaintiff's transactions spanned from approximately August 1, 2020, through approximately June 3, 2023, at which point approximately $21,078.43 of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

## B. Nationwide / Multi-State Subclass Representatives

### a. Arizona

24.    Plaintiff Boguslaw Richard Baranowski is a citizen and resident of the State of Arizona. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Arizona. Plaintiff's

Class Action Complaint and Demand for Jury Trial

transactions spanned from approximately 2022 through approximately 2023, at which point approximately 29 Lido Staked Ether (stETH), 42,000 Ripple XRP (XRP), 15,100.00 USD Coin (USDC), 0.33 Bitcoin (BTC), and 500 Tron (TRX) of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

25.    Plaintiff Brian Joseph Tate is a citizen and resident of the State of Arizona. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Arizona. Plaintiff's transactions spanned from approximately 2021 through approximately 2024, at which point approximately 0.6949762 Bitcoin (BTC) Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

26.    Plaintiff Labib Leo Jimenez-Gomez is a citizen and resident of the State of Arizona. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Arizona. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 20904.33 Cardano (ADA) of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are

liable.

27.    Plaintiff Elinor Carolyn Saunders is a citizen and resident of the State of Arizona. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Arizona. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 14.9998 Bitcoin (BTC), 16.4446 Bitcoin Cash (BCH), 25.03 Lido Staked Ether (stETH), 0.92 Ethereum (ETH), 190,500.9 USD Coin (USDC), 2.0008 Bitcoin SV (BSV), 242.318 Tether (USDT), 223.0422 Litecoin (LTC), 10632 Ripple XRP (XRP), 54 Chainlink (LINK), 19.999 Automata Network (USD)(ATA), and 3946.9895 Tezos (XTZ) of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### b. Colorado

28.    Plaintiff Graham Dickinson is a citizen and resident of the State of Colorado. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Colorado. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 0.084664497 Ethereum (ETH), 0.44622918 Bitcoin

(BTC), 2,398.33 SingularityNET (AGIX), 215,778.36 Dione (DIONE), 4,997.34 Render (RNDR), 102.2269758 Solana (SOL), 72,315,115.44 Shiba Inu (SHIB), 10,028.29 Fantom (FTM), 197.804188 Tether (USDT), 1,645.28 Cronos (CRO), and 0.022627589 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

29.    Plaintiff Paul Weston ("Weston") Eden is a citizen and resident of the State of Colorado. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Colorado. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 44,949.67 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

30.    Plaintiff Jeffrey I. Ellis is a citizen and resident of the State of Colorado. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Colorado. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately $7,500.00 of Plaintiff's funds were stolen. As a result, Plaintiff

sustained significant damages for which Defendants are liable.

31.     Plaintiff Chris Paul Horger is a citizen and resident of the State of Colorado. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Colorado. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 4.504 Bitcoin (BTC), 309.3 Litecoin (LTC), 75,889.96 Ripple XRP (XRP), 550.00 Chainlink (LINK), 52.5 Ethereum (ETH), 55813 Stellar (XLM), and 13992 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

32.     Plaintiff Andrzej Jakubowski is a citizen and resident of the State of Colorado. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Colorado. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 0.28854256 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### c. Connecticut

33.    Plaintiff Robert E. Meany is a citizen and resident of the State of Connecticut. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Connecticut. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 11.98505368 Ethereum (ETH), 0.42794058 Bitcoin (BTC), and 207.1127 Solana (SOL) of Plaintiffs funds were stolen.  As a result, Plaintiff sustained significant damages for which Defendants are liable.

34.    Plaintiff John M. Rotondo is a citizen and resident of the State of Connecticut. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Connecticut. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 120727 Ripple XRP (XRP), 8353.6 Enjin (ENJ), 311 Polygon (MATIC), 0.061 Ethereum (ETH), 71,093 Stellar (XLM), 18349 Cardano (ADA), and 24849 Chiliz (CHZ) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### d. Florida

35.    Plaintiff Donald C. Simonton, Jr. is a citizen and resident of the State

of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 0.9990387 Bitcoin (BTC), 7.81288463 Arbitrum (ETHARB), 127.262688 USD Coin (USDC), 0.020793467 Ethereum (ETH), 1007.700496 Dogecoin (DOGE), 3,528.47 Ravencoin (RVN), and 5,679.53 Atomic Wallet Coin (AWC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

36.    Plaintiff Todd Edward Gammon is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 91,961.46 Ripple XRP (XRP) and 63,980.24 Stellar (XLM) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

37.    Plaintiff Stephen Martin Huish is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris.

Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 210172.5548 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

38.     Plaintiff Gerald Joseph ("Jerry") Baker is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2020 through 2023, at which point approximately 0.30518979 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

39.     Plaintiff Cash Sperring McVay is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 450,016.64 USD Coin (USDC), and 0.031526756 Ethereum (ETH)

of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

40.    Plaintiff Devon Bentley Mertz is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2020 through approximately 2023,  at which point approximately 1.77617879 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

41.    Plaintiff Eric L. Weinstock is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 8.001778 Bitcoin (BTC), 180583.9009 Tether (USDT), 584666 Tron (TRX), 614360.3991 Cardano (ADA), 166.2434765 Ethereum (ETH), 48,742.44 Enjin (ENJ), 11,230.17 Decentraland (MANA), 7.81854974 Compound (COMP), 163.0707072 Uniswap (UNI), 7,358.55 Basic Attention Token (BAT), 47,345 FunFair (FUN), 1,990,083 Holo (HOT), 5,975 Chiliz (CHZ), 121,266,204 Shiba Inu

(SHIB), 15,881.14 Audius (AUDIO), 105.8068035 Aave (AAVE), 2,495.60 iExec RLC (RLC), 24,994.60 Aelf (ELF), 39,672.55 The Graph (GRT), 20,820.27 Ren (REN), 4,970 aelf (ELF), 2,093.40 Polkadot (DOT), 60.7547 Litecoin (LTC), 65.66529377 Zcash (ZEC), 27072.1584 Algorand (ALGO), 72,013.51 Stellar (XLM), 23.40093631 Bitcoin Cash (BCH), 74999 Ravencoin (RVN), 7,861.82 0x Protocol (ZRX), and 7,477.34 Chainlink (LINK) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

42.    Plaintiff Julie Jonell ("JJ") Barrett is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2017 through approximately 2023,  at which point approximately 1.1967 Bitcoin (BTC), 18.12 Ethereum (ETH), 473,926,945.23 Shiba Inu (SHIB), 8,844 Ripple XRP (XRP), 477.19 Chainlink (LINK), and 88.6284 Tron (TRX) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

43.    Plaintiff Jeffrey Exposito is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds

using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2018 through approximately 2023, at which point approximately 1.49 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

44.     Plaintiff Christopher Lane Bennett is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 821.2017 Chainlink (LINK), 1164.0011 Basic Attention Token (BAT), 233713452.3 Shiba Inu (SHIB), 27127.0399 Tether (USDT), 82055.8461 USD Coin (USDC), 0.00764828 Bitcoin (BTC), 214.5496 Litecoin (LTC), 2196.7949 Polygon (MATIC), 634235.1634 DigiByte (DGB), 1707.9819 Theta (THETA), 50950.7548 Stellar (XLM), 370 Neo (NEO), 3.06312078 Ethereum (ETH), 1920.8 Ark (ARK), 53.7865 Qtum (QTUM), 34.9399 Bitcoin Gold (BTG), and 149.915 Waves (WAVES) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

45.     Plaintiff Jeremy Villalobos is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from

Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 101187.0958 Tether (USDT), and 0.181319593 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

46.     Plaintiff Randall ("Randy") Lemon is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 4.2626 Bitcoin (BTC), 8458 Cardano (ADA), 8417 Polygon (MATIC), 19741 COTI (COTI), and 36269 Chiliz (CHZ) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

47.     Plaintiff Heidi Karlsen is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned

from approximately 2020 through approximately 2023, at which point approximately 0.75847116 Bitcoin (BTC), and 1.69807677 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

48.    Plaintiff Jesse R. Lackey is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 21350 Cardano (ADA), 359.45 Chainlink (LINK), 1,296,447.00 Shiba Inu (SHIB), 130,256.00 Telcoin (TEL), and 209069 Dent (DENT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

49.    Plaintiff John Anthony Rourke is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 3.9718847 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result,

Class Action Complaint and Demand for Jury Trial

Plaintiff sustained significant damages for which Defendants are liable.

50.    Plaintiff Walter E. Augustine is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2016 through approximately 2023, at which point approximately 29123 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

51.    Plaintiff Dirk Raphael ("Raphael") Adolph is a citizen and resident of the State of Florida. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Florida. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 91.9246 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### e.  Georgia

52.    Plaintiff Michael D. Allman is a citizen and resident of the State of Georgia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris.

Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Georgia. Plaintiff's transactions spanned from approximately 2021 through approximately [Date 2023, at which point approximately 9.5432 Ethereum (ETH), and 267 Polkadot (DOT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

53. Plaintiff Terry Lorenzo Grant is a citizen and resident of the State of Georgia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Georgia. Plaintiff's transactions spanned from approximately 2017 through approximately 2023, at which point approximately 7.0632 Lido Staked Ether (stETH), 135178241 Pepe (PEPE), and 10.24 Fantom (FTM) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

**f. Iowa**

54. Plaintiff Michael Novak is a citizen and resident of the State of Iowa. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds

using the Atomic Wallet platform while in Iowa. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 18033.4282 Stellar (XLM), 31901.805 Ripple XRP (XRP), 0.569637339 Ethereum (ETH), and 0.39565 Binance USD (BUSD) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### g. Idaho

55.    Plaintiff Michael C. Fisk is a citizen and resident of the State of Idaho. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Idaho. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 15,068.29 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### h. Illinois

56.    Plaintiff Jordan B. Sanders is a citizen and resident of the State of Illinois. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Illinois. Plaintiff's transactions

spanned from approximately 2021 through approximately 2023, at which point approximately 3776.6622 Ripple XRP (XRP), 72.9923 Dash (DASH), 37.8166 Bitcoin Cash (BCH), and 344,356.32 DigiByte (DGB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

57.    Plaintiff Nedialka "Nelly" I. Petrova is a citizen and resident of the State of Illinois. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Illinois. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 14938 Ripple XRP (XRP), 150303 DigiByte (DGB), 1.44 Ethereum (ETH), 1,850,000,000 Shiba Inu (SHIB), 3950 Tether (USDT), 56598 Dogecoin (DOGE), 35581 Cardano (ADA), 198607 XYO (XYO), 110822 Reef (REEF), and 9033 Loopring (LRC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

58.    Plaintiff Juliet Tran is a citizen and resident of the State of Illinois. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Illinois. Plaintiff's transactions spanned

from approximately 2016 through approximately 2023, at which point approximately 1.6356 Bitcoin (BTC), 13.8054 Ethereum (ETH), 20,000.56 Polygon (MATIC), 51,160.68 Fantom (FTM), 46.0793 Binance Coin (BNB), 28,607 Ripple XRP (XRP), 32,171.25 Cardano (ADA), 502.2945 Chainlink (LINK), 5,352.95 Decentraland (MANA), 28,241,909.35 Shiba Inu (SHIB), 1,062.17 Enjin (ENJ), 81.0792 Synthetix(SNX) [now called Havven (HAV)], 88,934.33 Verasity (VRA), 91.4652 Polkadot (DOT), 500.0485 0x Protocol (ZRX), 555.5795 COTI (COTI), 35.8028 USD Coin (USDC), 119.352391 Tron (TRX), 18406174.08 Non-fungible Token (NFT), 651.5444 EthLend (LEND), 1002.1179 Kyber Network Crystal v2 (KNC), 0.615479036 Just (JST), and 112713.6744 Wink (WIN) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### i. Indiana

59.    Plaintiff Ben Fritch is a citizen and resident of the State of Indiana. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Indiana. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 80.04 Quant (QNT), and 0.145 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which

1    Defendants are liable.

2            **j. Kansas**

3        60.    Plaintiff Paul Unruh is a citizen and resident of the State of Kansas.

4    Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and

5    class members, pursuant to contract with and solicitations from Defendants,

6    purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds

7    using the Atomic Wallet platform while in Kansas. Plaintiff's transactions spanned

8
9    from approximately 2022 through approximately 2023, at which point

10   approximately 0.185883 Bitcoin (BTC), 0.000748 Ethereum (ETH), 9.9959 Lido

11   Staked Ether (stETH), and 25802.1917 Cardano (ADA) of Plaintiffs funds were

12
13   stolen. As a result, Plaintiff sustained significant damages for which Defendants are

14
15   liable.

16
17       61.    Plaintiff Ronald Linn ("Ron") Bowling is a citizen and resident of the

18   State of Kansas. Plaintiff is a natural person over the age of 21 and is otherwise sui

19   juris. Plaintiff and class members, pursuant to contract with and solicitations from

20
21   Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and

22   held funds using the Atomic Wallet platform while in Kansas. Plaintiff's transactions

23
24   spanned from approximately 2019 through approximately 2023, at which point

25   approximately 71,081,747 Shiba Inu (SHIB), 103,679 Ripple XRP (XRP), 0.601823

26
27   Bitcoin (BTC), 24366 Stellar (XLM), 8679 Cardano (ADA), 4.1831 Ethereum

28   (ETH), 15903 Ziliqa (ZIL), 24.595 Cosmos (ATOM), and 2.6596 Litecoin (LTC) of

Class Action Complaint and Demand for Jury Trial

Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### k..Kentucky

62.    Plaintiff Jason Paul Catanzaro is a citizen and resident of the State of Kentucky. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Kentucky. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 53879.9999 Ripple XRP (XRP), 150412.9611 Cardano (ADA), 8.12605774 Chainlink (LINK), and 70.0019 Veritaseum (VERI) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### l. Michigan

63.    Plaintiff Dan J. Ianello is a citizen and resident of the State of Michigan. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Michigan. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 920077 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a

Class Action Complaint and Demand for Jury Trial

result, Plaintiff sustained significant damages for which Defendants are liable.

### m. Maryland

64.    Plaintiff Joshua Daniel Torres is a citizen and resident of the State of Maryland. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Maryland. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 0.164184 Bitcoin (BTC), 10.032819 Lido Staked Ether (stETH), 3326.9598 Ripple XRP (XRP), and 0.079896526 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

65.    Plaintiff Kevin P. Mack is a citizen and resident of the State of Maryland. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Maryland. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 0.79663714 Bitcoin (BTC), 20777.13194 Cardano (ADA), and 6.655225021 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

Class Action Complaint and Demand for Jury Trial

66.    Plaintiff Harold James Kurtz, III is a citizen and resident of the State of Maryland. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Maryland. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 2,018.72 Chainlink (LINK), 4,578.25 Polygon (MATIC), 1.00 Compound (COMP), 12.97 Uniswap (UNI), 1,876.83 Fantom (FTM), 22.3375 Ethereum (ETH), 1.0177 Bitcoin (BTC), 743.338 Ripple XRP (XRP), and 5.3713 Binance Coin (BNB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### n. Massachusetts

67.    Plaintiff Alexis ("Alex") Perez is a citizen and resident of the State of Massachusetts. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Massachusetts. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 50839 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

68.    Plaintiff Benjamin T. Littauer is a citizen and resident of the State of

Massachusetts. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Massachusetts. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 793 Quant (QNT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

69.    Plaintiff Vincent William D'Ortona is a citizen and resident of the State of Massachusetts. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Massachusetts. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 10103 Cardano (ADA), 0.423444 Bitcoin (BTC), 7 Ethereum (ETH), and 14633 Ripple XRP (XRP) of Plaintiffs funds were stolen.  As a result, Plaintiff sustained significant damages for which Defendants are liable.

70.    Plaintiff Jovann Silva Delgado is a citizen and resident of the State of Massachusetts. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Massachusetts. Plaintiff's

transactions spanned from approximately 2020 through approximately 2023, at which point approximately 0.448079 Bitcoin (BTC), and 1.1760679 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

71.    Plaintiff David Harris is a citizen and resident of the State of Massachusetts. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Massachusetts. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 5,061.34 USD Coin (USDC), 29,770.40 Nexo (NEXO), and 0.111248276 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

72.    Plaintiff Neraldo Doda is a citizen and resident of the State of Massachusetts. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Massachusetts. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 20,200.84 Cardano (ADA), and 144,059.89 DigiByte (DGB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant

Class Action Complaint and Demand for Jury Trial

damages for which Defendants are liable.

### o. Missouri

73.    Plaintiff Gregory Stephen Loberg is a citizen and resident of the State of Missouri. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Missouri. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 17,702.93 Ripple XRP (XRP), 15,471.77 Cardano (ADA), 24,833.90 Stellar (XLM), 241.0322 Chainlink (LINK), 7588 Algorand (ALGO), 79.3459 Avalanche (AVAX), 88 Polygon (MATIX), 0.0442 Ethereum (ETH), and 0.0241 Lido Staked Ether (stETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### p. Nevada

74.    Plaintiff Craig Edward Tyler is a citizen and resident of the State of Nevada. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Nevada. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 545015.25 Ripple XRP (XRP) of Plaintiffs funds were

stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

75.    Plaintiff Art A. Martello is a citizen and resident of the State of Nevada. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Nevada. Plaintiff's transactions spanned from approximately 2018 through approximately 2023, at which point approximately 75469.02443 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

76.    Plaintiff Carter W. Ruess is a citizen and resident of the State of Nevada. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Nevada. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 0.57 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

77.    Plaintiff Bradley White is a citizen and resident of the State of Nevada. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants,

purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Nevada. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 8000 USD Coin (USDC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### q. New Jersey

78.     Plaintiff Eric Eugene Richardson is a citizen and resident of the State of New Jersey. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New Jersey. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 2.510795 Bitcoin (BTC), 14.976826 Ethereum (ETH), 4480.28 Cardano (ADA), 22323.83 Dogecoin (DOGE), 26835861.59 Shiba Inu (SHIB), 44.889367 Chainlink (LINK), 2.9944 Quant (QNT), 447.602141 Enjin (ENJ), 2372.62 Cronos (CRO), 77.5 Decentraland (MANA), 876.951199 Basic Attention Token (BAT), and 88905.86 Holo (HOT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

79.     Plaintiff Vincent D'Amelio is a citizen and resident of the State of New Jersey. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from

Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New Jersey. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 80480 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

80.     Plaintiff Charles Byron ("Chuck") Gross, Jr. is a citizen and resident of the State of New Jersey. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New Jersey. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 12.722057 Avalanche (AVAX), 341.05 Basic Attention Token (BAT), 0.46385039 Bitcoin (BTC), 36.9032 USD Coin (USDC), 68.4568 Cronos (CRO), 50.91 Decentraland (MANA), and 268.53025 Chainlink (LINK) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

81.     Plaintiff Donald Gerard ("Don") Kislan is a citizen and resident of the State of New Jersey. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New

Jersey. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 139411.223 Stellar (XLM), and 13180.21 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

82.    Plaintiff Rory Thomas Feeley is a citizen and resident of the State of New Jersey. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New Jersey. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 135,021 Zilliqa (ZIL), 4034.6322 Ripple XRP (XRP), 0.098942503 Ethereum (ETH), 28886.5331 Dogecoin (DOGE), 219348.207 DigiByte (DGB), 8036.5603 VeChain (VET), 340.5633 Tezos (XTZ), 12.5082 Cosmos (ATOM), and 0.55532327 Binance Coin (BNB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### r. New Mexico

83.    Plaintiff Marcus Jordan Conn is a citizen and resident of the State of New Mexico. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and

held funds using the Atomic Wallet platform while in New Mexico. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 1.0924 Bitcoin (BTC), 107.3398 Litecoin (LTC), 1308.376 Polygon (MATIC), 166,246,453 Shiba Inu (SHIB), and 0.22666 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

84.    Plaintiff William Beecher is a citizen and resident of the State of New Mexico. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New Mexico. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 11,230.87 Basic Attention Token (BAT), 705,000.86 COTI (COTI), 0.811897 Bitcoin (BTC), 10,250.15 Chainlink (LINK), 33,112.34 Enjin (ENJ), 1.08199 Ethereum (ETH), 61.28 Litecoin (LTC), 1.02 Maker (MKR), 404.94 Monero (XMR), 11,665.08 Ripple XRP (XRP), 2,408,308,694.29 Shiba Inu (SHIB), 32,046.49 Stellar (XLM), and 2123.17 Theta (THETA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### s. North Carolina

85.    Plaintiff Damon Neil Burgess is a citizen and resident of the State of

North Carolina. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in North Carolina. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 1.84088723 Bitcoin (BTC), 28.981 Ethereum (ETH), 1,000 Polkadot (DOT), 44,954.04 USD Coin (USDC), 10 Ripple XRP (XRP), and 13.4673 Uniswap (UNI) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### t. Pennsylvania

86.    Plaintiff Anthony Miguel Hernandez is a citizen and resident of the State of Pennsylvania. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Pennsylvania. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 38,283.40 USD Coin (USDC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

87.    Plaintiff Glenna-Jo Gelnett is a citizen and resident of the State of Pennsylvania. Plaintiff is a natural person over the age of 21 and is otherwise sui

juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Pennsylvania. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 5.156358 Ethereum (ETH), and 14926.03 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

88.    Plaintiff Bruce Edward Henderson is a citizen and resident of the State of Pennsylvania. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Pennsylvania. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 0.44670057 Bitcoin (BTC), and 2.60509754 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### u. New York

89.    Plaintiff Jeffrey Dettelis is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and

held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 2.728367 Bitcoin (BTC), and 5493.45 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

90.    Plaintiff Peter M. Chin is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 3802 Cardano (ADA), 5.061179 Ethereum (ETH), 2105 Decentraland (MANA), and 5978 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

91.    Plaintiff Daniel J. Vasco is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 0.054641 Bitcoin (BTC), 1.627221 Ethereum (ETH),

301.359743 Decentraland (MANA), 6.465215 Uniswap (UNI), 9.885044 Chainlink (LINK), and 1005.04 Polygon (MATIC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

92.    Plaintiff Alexander Yusupov is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 21.05 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

93.    Plaintiff Rafal Stanislaw Kulpa is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 30633 Cardano (ADA), 899 Polkadot (DOT), and 181577 DigiByte (DGB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

94.      Plaintiff Joseph F. Eduardo is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 350000 Tron (TRX), 3100 Chainlink (LINK), 740 Polkadot (DOT), 30300 Stellar (XLM), 16100 Civic (CVC), and 9000 Golem (GLM) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

95.      Plaintiff Daniel Werter is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 2.74 Ethereum (ETH), 298.64 Polygon (MATIC), 6000 Hedera (HBAR), and 1579 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

96.      Plaintiff Karl Norbert Kotas is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris.

Class Action Complaint and Demand for Jury Trial

Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 22,240 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

97.    Plaintiff Rudy De Dominicis is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 1.19 Bitcoin (BTC), and 5.76 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

98.    Plaintiff Nicole Marie Lieurance is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's

Class Action Complaint and Demand for Jury Trial

transactions spanned from approximately 2022 through approximately 2023, at which point approximately 47086 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

99.    Plaintiff Heallal Rashidzada is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 2766.03 ADAM (ADAM), 22339.79. Ripple XRP (XRP), 0.005446 Bitcoin (BTC), 1.001691 Ethereum (ETH), 1110818.8 FunFair (FUN), 1026.23 Decentraland (MANA), 12.628346 Enjin (ENJ), and 520.080929 Basic Attention Token (BAT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

100.    Plaintiff James Massetti, Jr. is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 1.0155 Bitcoin (BTC), 10241 Cardano (ADA), 4.7135

Ethereum (ETH), and 690 Polkadot (DOT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

101.    Plaintiff Ilgar Olegovich Abramov is a citizen and resident of the State of New York. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in New York. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 2145 Aptos (APT), 0.10655244 Bitcoin (BTC), 17907.47 Tether (USDT), 0.0515621 Ethereum (ETH), and 15.9424 Litecoin (LTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### v. Ohio

102.    Plaintiff Timothy B. Plough is a citizen and resident of the State of Ohio. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Ohio. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 3303.72 Cardano (ADA), 0.078205 Bitcoin (BTC), 0.872664 Ethereum (ETH), and 25278.38 Ripple XRP (XRP) of Plaintiffs funds were

stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

103.    Plaintiff Jeffrey Riley ("Jeff") Rogers is a citizen and resident of the State of Ohio. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Ohio. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 2.362 Bitcoin (BTC), 76.2537 Avalanche (AVAX), 21002.47 Stellar (XLM), and 0.08859 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

104.    Plaintiff James Wesley Pridgen is a citizen and resident of the State of Ohio. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Ohio. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 0.4639534 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

105.    Plaintiff Mario Mankas is a citizen and resident of the State of Ohio. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and

Class Action Complaint and Demand for Jury Trial

class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Ohio. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 0.14655669 Bitcoin (BTC), 4073.1823 Cardano (ADA), 16950.6777 Ripple XRP (XRP), 944.65998733 The Sandbox (SAND), 2.80557378709424 Ethereum (ETH), 783.7727687 Decentraland (MANA), 39.15734069 ApeCoin (APE), 180.23641376 Chainlink (LINK), and 4943.6222 Algorand (ALGO) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### w. Oregon

106.    Plaintiff Erik Christopher Nelson is a citizen and resident of the State of Oregon. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Oregon. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 4.76 Ethereum (ETH), and 1.272 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

107.    Plaintiff Trevor James Petersen is a citizen and resident of the State of

Oregon. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Oregon. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 7.6473 Ethereum (ETH), and 0.0112369 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### x. South Carolina

108.    Plaintiff David Charles Ryan is a citizen and resident of the State of South Carolina. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in South Carolina. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 311417.8423 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

109.    Plaintiff Landon Ray Grubb is a citizen and resident of the State of South Carolina. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from

Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in South Carolina. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 8.435 Quant (QNT), 9515 Ripple XRP (XRP), 11374 Stellar (XLM), 208028 DigiByte (DGB), 131.82 Veritaseum (VERI), 18002.6622 Cardano (ADA), and 58.9 Bitcoin Cash (BCH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

110.    Plaintiff Derek G. Yearwood is a citizen and resident of the State of South Carolina. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in South Carolina. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 105985 Ripple XRP (XRP), 0.571559 Bitcoin (BTC), 62700 Hedera (HBAR), 3.08 Ethereum (ETH), and 9423.120937 Stellar (XLM) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

**y. Tennessee**

111.    Plaintiff Kenneth Daniel Toomey is a citizen and resident of the State of Tennessee. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from

Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Tennessee. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 22597.1762 Ripple XRP (XRP), 0.291139414 Ethereum (ETH), and 15798.6307 Stellar (XLM) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

112.    Plaintiff Samuel Ryan ("Sam") Breazeale is a citizen and resident of the State of Tennessee. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Tennessee. Plaintiff's transactions spanned from approximately 2018 through approximately 2023, at which point approximately 0.79293514 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### z. Texas

113.    Plaintiff Trent Spencer Johnson is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions

spanned from approximately 2020 through approximately 2023, at which point approximately 31968.4624 Cardano (ADA), and 16127.51669 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

114.    Plaintiff Christopher Scott Taylor is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 1.9 Bitcoin (BTC), 7.7 Ethereum (ETH), and 84.4 ApeCoin (APE) of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

115.    Plaintiff Tracy Lee Heath is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 8007.27 Algorand (ALGO), 50441.9 Stellar (XLM), and 45732.76 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained

significant damages for which Defendants are liable.

116.    Plaintiff Brenda G. Abbley is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 36065 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

117.    Plaintiff Peyton R. Gilpin is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 8220.8865 Cardano (ADA), 159.6373 Avalanche (AVAX), 40020 Ripple XRP (XRP), 886.0665 Chainlink (LINK), 1113.6611 Uniswap (UNI), 6269.2405 Polygon (MATIC), 760 Polkadot (DOT), 5659.3919 Decentraland (MANA), 2200 USD Coin (USDC), and 3911.4 Flow (FLOW) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

118.    Plaintiff Scott Melvin Noel is a citizen of the State of Texas who currently resides in Nairobi, Kenya. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 39630 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

119.    Plaintiff Stephen T. Melvin is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 0.50108396 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

120.    Plaintiff Randy S. Treece is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds

using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 228209 Ripple XRP (XRP), 263413 Cardano (ADA), 500033 Stellar (XLM), and 150000 Polygon (MATIC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

121.    Plaintiff Joseph Lee Morris is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 0.38774345 Bitcoin (BTC), 3964.8835 Ripple XRP (XRP), 100796.6998 Stellar (XLM), and 38.2393 Binance Coin (BNB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

122.    Plaintiff John Alan Corella is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point

approximately 5608.8419 Theta (THETA), 1040060739.59 Shiba Inu (SHIB), 0.73131202 Bitcoin (BTC), 90569.2498 Ripple XRP (XRP), and 83084.06 Stellar (XLM) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

123.    Plaintiff Michael Wayne Taylor, Jr. is a citizen and resident of the State of Texas. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Texas. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 1.223 Bitcoin (BTC), and 5811 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### aa. Utah

124.    Plaintiff Dereck James Ernest is a citizen and resident of the State of Utah. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Utah. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 90759 Ripple XRP (XRP), and 0.62641 Bitcoin (BTC) of Plaintiffs

funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

125.    Plaintiff Arthur Steven ("Artie") Martello is a citizen and resident of the State of Utah. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Utah. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 0.14764646 Bitcoin (BTC), 6.35597454 Ethereum (ETH), 603580.95749177 Holo (HOT), 80781.60013 Tron (TRX), and 190.1314 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

126.    Plaintiff Jacob Hyde Dewey is a citizen and resident of the State of Utah. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Utah. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately and 24971.97 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

**bb. Virginia**

127.    Plaintiff Rodrick D. Jones is a citizen and resident of the Commonwealth of Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Virginia. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 28358 Ripple XRP (XRP), 2234158937.0496 Shiba Inu (SHIB), 22347.9159035 Stellar (XLM), 318119.156073 Holo (HOT), 19.96443736 Chainlink (LINK), 25 Atomic Wallet Coin (AWC), 0.00698704733211892 Ethereum (ETH), 220.10909081 UniLend Finance (UFT), 184671.5768186 JasmyCoin (JASMY), 0.00984378 Maker (MKR), and 68400 Telcoin (TEL) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

128.    Plaintiff Neil Desmond is a citizen and resident of the Commonwealth of Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Virginia. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 100033.2915 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are

liable.

129.    Plaintiff Eric S. Jensen is a citizen and resident of the Commonwealth of Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Virginia. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 1.01 Bitcoin (BTC), 27.369 Ethereum (ETH), 41315 Cardano (ADA), 1000 Polkadot (DOT), 500 Cosmos (ATOM), and 352 Near Protocol (NEAR) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

130.    Plaintiff Marcus Aaron Young is a citizen and resident of the Commonwealth of Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Virginia. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 13 Quant (QNT), 18300 Stellar (XLM), 6900 Polygon (MATIC), 14000 Algorand (ALGO), 4000 Ripple XRP (XRP), and 0.5 Yearn Finance (YFI) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

131.    Plaintiff Mustujab Haider ("MK") Kirmani is a citizen and resident of the Commonwealth of Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Virginia. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 482.35 Litecoin (LTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

132.    Plaintiff Daniel Ray Goertz is a citizen and resident of the Commonwealth of Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Virginia. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 11090 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

133.    Plaintiff Christopher Scott ("Chris") Doss is a citizen and resident of the Commonwealth of Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and

solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Virginia. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 0.10229091 Bitcoin (BTC), 0.0504454932 Ethereum (ETH), 18526.6532 Polygon (MATIC), 28471.1259 Cardano (ADA), 79477947 Shiba Inu (SHIB), 7570.01 Algorand (ALGO), 950 Decentraland (MANA), and 1498.44 Enjin (ENJ) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### cc. Washington

134.    Plaintiff Brian Edward Purvis is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 191370.24 Ripple XRP (XRP), 25.398 Pax Gold (PAXG), 11.0199 Litecoin (LTC), 409734305.32 Shiba Inu (SHIB), 52.593 Chainlink (LINK), 0.360966 Ethereum (ETH), and 0.00598255 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

135.    Plaintiff James Ray Owen is a citizen and resident of the State of

Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 44264.31 Cardano (ADA), and 5000 Basic Attention Token (BAT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

136.    Plaintiff Zachary Robert ("Zach") Soldwedel is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 14.697874 Ethereum (ETH), 22629 Cardano (ADA), 367 Chainlink (LINK), and 0.03354809 Bitcoin (BTC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

137.    Plaintiff Derek Karl Eirish is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from

Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 71.598 Ethereum Classic (ETC), 0.001211348 Ethereum (ETH), 0.05240826 Bitcoin (BTC), 60.0001 Litecoin (LTC), 30999.902 Stellar (XLM), 11349.8038 Enjin (ENJ), 6.2145 Balancer (BAL), 540 Chainlink (LINK), 35.4652 Ethereum (ETH), 630.427 Decentraland (MANA), and 48870.1729 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

138.    Plaintiff Douglas Aaron ("Doug") Edwards is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 31050 Dogecoin (DOGE), 11150 Ripple XRP (XRP), 7031 Stellar (XLM), and 25802.1917 Cardano (ADA) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

139.    Plaintiff Richard Valwe LaFosse is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris.

Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2021 through approximately 2023, at which point approximately 0.63419493 Bitcoin (BTC), 0.471281995 Ethereum (ETH), 9994 The Sandbox (SAND), 1725.2007 Enjin (ENJ), 598.8296 USD Coin (USDC), 1196.3 Chainlink (LINK), 939.9616 Tether (USDT), 4750655127.4125 Shiba Inu (SHIB), and 710997.7961 DigiByte (DGB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

140.    Plaintiff Michael David Thorpe is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington State. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 405 Chainlink (LINK), and 20262 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

141.    Plaintiff Robert A. Thorpe is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from

Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 15790.941 Ripple XRP (XRP) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

142.    Plaintiff Michael William Cummings is a citizen and resident of the State of Washington. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Washington. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, at which point approximately 2.17 Ethereum (ETH), 5 Atomic Wallet Coin (AWC), 16240 Ripple XRP (XRP), 54500000 Shiba Inu (SHIB), and 31120 Stellar (XLM) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

**DS. Wisconsin**

143.    Plaintiff Brian McDonnell Callahan is a citizen and resident of the State of Wisconsin. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and

held funds using the Atomic Wallet platform while in Wisconsin. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 18650.0555 Stellar (XLM), 14075.621 Cardano (ADA), and 18.89597983 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

144.    Plaintiff Dustin Andrew Falk is a citizen and resident of the State of Wisconsin. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Wisconsin. Plaintiff's transactions spanned from approximately 2023 through approximately 2023, At which point approximately 70676.2712 Algorand (ALGO), 264.8976 Litecoin (LTC), and 50859.1425 Polygon (MATIC) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

145.    Plaintiff Michael S. Mikula is a citizen and resident of the State of Wisconsin. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Wisconsin. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 0.43243171 Bitcoin (BTC) and 803390.5845 DigiByte

(DGB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### ee. West Virginia

146.    Plaintiff Daniel Buckley Hayes is a citizen and resident of the State of West Virginia. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in West Virginia. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 0.13389647 Bitcoin (BTC) and 5.90741706 Ethereum (ETH) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

### C. American Citizens who Reside out of the U.S.

147.    Plaintiff David Philip Boon is a United States citizen who currently resides in Ontario, Canada. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Canada. Plaintiff's transactions spanned from approximately 2022 through approximately 2023, at which point approximately 8625.9688 Ultra (UOS), 33.682 Harvest Finance (FARM), 63.5995 Solana (SOL), 15788.6118 Cronos (CRO), 8656.8721 Fantom

(FTM), 13.9819 Ethereum (ETH), 98.7236 Avalanche (AVAX), and 208333369.6 Shiba Inu (SHIB) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

148.    Plaintiff John Hainrich Wheelock is a United States citizen who currently resides in Nicaragua. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff is a United States citizen who also holds French and Nicaraguan nationalities. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and /or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Nicaragua. Plaintiff's transactions spanned from approximately 2020 through approximately 2023, at which point approximately 0.17578906 Bitcoin (BTC), 2.095036839 Ethereum (ETH), and 50.45070539 Chinlink (LINK) of Plaintiff's funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

149.    Plaintiff Gilberto Alejandro Paez is a citizen of the State of Ohio, currently residing full-time in Costa Rica. Plaintiff is a natural person over the age of 21 and is otherwise sui juris. Plaintiff and class members, pursuant to contract with and solicitations from Defendants, purchased, repurchased, invested, and/or reinvested cryptocurrency and held funds using the Atomic Wallet platform while in Costa Rica. Plaintiff's transactions spanned from approximately 2019 through approximately 2023, at which point approximately 88.40999259 Ethereum (ETH),

910.7 Enjin (ENJ), 4374 Decentraland (MANA), 785.62 Chainlink (LINK), 471.71 Uniswap (UNI), 113700 Tron (TRX), 870863947855.8 BitTorrent Token (BTT), and 1000000000 BitTorrent Token (BTT) of Plaintiffs funds were stolen. As a result, Plaintiff sustained significant damages for which Defendants are liable.

150.    Pursuant to Civil L.R. 3-2(c), this action shall be assigned to the San Francisco Division as a substantial part of the events or omissions giving rise to the claim occurred in Marin and Sonoma Counties.

## I.    Defendants

151.    As set forth below, Defendants together operate a web of interrelated, "decentralized" crypto blockchain companies. Defendants have each operated under various aliases and incorporated in multiple countries throughout the world in order to disguise their Russian origins and their business relationships with one another.

152.    **Defendant Atomic Protocol Systems OÜ d/b/a Atomic Wallet** was founded in 2017 as Atomic Swap by Defendants Gladyshev, Brusov, and Sokolov. Atomic Wallet represents itself publicly as being owned and operated solely by Gladyshev. Atomic Swap was released in 2018. Upon information and belief, Gladyshev changed or reincorporated this corporate entity under the name Atomic Wallet, which is incorporated in Tallinn, Estonia. Atomic Wallet offers a platform for buying, selling, and trading cryptocurrency, and holding funds, via a desktop and mobile application ("app"). It currently offers trading in over 500 cryptocurrencies and makes available various other investment opportunities involving

Class Action Complaint and Demand for Jury Trial

cryptocurrency, including a staking program. Atomic Wallet operates in multiple jurisdictions throughout the world including in Estonia, Nigeria, Russia, Iran, Turkey, Istanbul, and Peru,[5] and is available to customers internationally and throughout the United States.

153.    Defendant Evercode Infinite d/b/a Evercode Lab (hereinafter, "Evercode Lab") is a mobile and web software development company specializing in the crypto and fintech sector that was founded by Defendants Brusov and Sokolov. Evercode Lab develops crypto wallets and other blockchain tools for digital assets. Evercode Lab, under the ownership of Brusov and Sokolov, developed Atomic Wallet, including its desktop and mobile applications.[6] Evercode Lab has also built other wallets such as Guarda Wallet, also founded by Brusov and Sokolov. Evercode Lab is responsible for development of the wallet, app creation and installation, account setup, app updates, and technical and marketing support. In particular, Evercode Lab provides mnemonic phrases on the wallets it develops and is responsible for updates to the wallet and apps. Evercode Lab was incorporated in Dubai, United Arab Emirates in January 2022, where its "main client and development office" is located. It also maintains an office in Larnaca, Cyprus.

154.    Defendant Evercode Inc. is a California corporation (Entity No.

---

[5] https://www.linkedin.com/company/atomicwallet/people/ (last accessed June 21, 2023).
[6] https://evercodelab.medium.com/development-of-atomic-wallet-and-guarda-wallet-b3236569ad8f (last accessed July 6, 2023).

Class Action Complaint and Demand for Jury Trial

5248796) formed on 15 September 2022. It lists both its principal executive office and its registered agent's address as 2222 Downie Place, Santa Ana, California 92706—a 1,283-square-foot single-family residence that conducts no observable technology or fintech operations. Its articles of incorporation were executed by Lovette Dobson, a Houston-based "mass incorporator" whose name appears on tens of thousands of boiler-plate formations generated through on-line filing service Incfile. Evercode Inc. has no public website, employees, or revenue of its own. Upon information and belief, it was created solely to provide Evercode Infinite FZCO d/b/a Evercode Lab with a nominal U.S. presence. The shared Evercode brand and the use of a residential mailbox as corporate headquarters demonstrate that Evercode Inc. is the alter-ego, agent, and domestic conduit of Evercode Lab. Corporate formalities between the two entities are ignored, assets and personnel are commingled, and maintaining their separation would work an inequitable result by shielding Evercode Lab from liability in the United States. Accordingly, the California contacts of Evercode Inc.—including its registration with the California Secretary of State, its Santa Ana address, and its solicitation of California users—are properly imputed to Evercode Lab for purposes of personal jurisdiction, venue, and class-wide relief.

155. **Defendant Konstantin Gladyshev a/k/a Konstantin Gladych** is founder and CEO of Atomic Wallet, formerly Atomic Swap. Upon information and belief, Gladyshev is a citizen and resident of Russia who resides outside of the

United States. Gladyshev obtained his PhD in data mining and machine learning from St. Petersburg State University of Telecommunications in Russia. Gladyshev incorporated Atomic Wallet in 2017 in Estonia and has since exercised majority control over all of Atomic Wallet's business activities at all times. Gladyshev is the sole executive at Atomic Wallet and the one of two management board members, alongside Defendant Brusov. Gladyshev is majority owner of Atomic Wallet, owning 74.4% of outstanding shares of the company. Gladyshev can make decisions without votes of assent from other shareholder Defendants based on his majority ownership. Gladyshev employs a "decentralized team" that works 100% remotely.[7]

156.  **Defendant Ilia Brusov a/k/a Ilya Berezovsky a/k/a Ilya Bere** is a shareholder of Atomic Wallet, owning 12.8% of all outstanding shares. She is also one of two management board members alongside Defendant Gladyshev. Brusov is also co-founder of Defendant Evercode Lab along with Defendant Sokolov. Upon information and belief, Brusov is a citizen and resident of Russia, who resides outside the United States.

157.  **Defendant Pavel Sokolov a/k/a Paul Sokolov** is a shareholder of Atomic Wallet, owning 12.8% of all outstanding shares. Sokolov is also co-founder of Defendant Evercode Lab along with Defendant Brusov. Upon information and belief, Sokolov is a citizen and resident of Russia, who resides outside of the United

---

[7] *See* https://atomicwallet.io/blog/christmas-greetings (last accessed June 21, 2023); https://atomicwallet.io/careers (last accessed June 21, 2023);

States. Sokolov serves as CTO of Atomic Wallet.

## **RELATED ENTITIES**

158. **Changelly**: Changelly, a noncustodial instant cryptocurrency exchange, was established as a prototype startup by developers of Minergate—a crypto mining software product—including Gladyshev, in 2013 in Prague, Czech Republic. It became an independent exchange service in 2014. In 2015, the team allegedly created a separate unit to lead the exchange service with Gladyshev as CEO. Defendant Brusov served as COO from 2017-2018. Later in 2018, around the time that Atomic Wallet was established and that the Czech Republic began implementing KYC/AML procedures, Changelly moved its incorporation to Malta, Gladyshev stepped down as CEO, and Brusov was appointed as CEO. Atomic Wallet integrates Changelly into its system to effect instant exchange transactions.

159. **Guardarian OÜ d/b/a Guarda Wallet (hereinafter, "Guarda Wallet"):** Guarda Wallet, like Atomic Wallet, is a crypto wallet. It was launched in 2017 by Guardarian OÜ and incorporated in Estonia. Brusov and Sokolov are both founders, beneficial owners, and shareholders of Guarda Wallet. Sokolov is a management board member and is CEO of Guarda Wallet.

## JURISDICTION AND VENUE

160. This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C.

Class Action Complaint and Demand for Jury Trial

§ 1332(d)(2) because the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, in which at least one class member is a citizen of a state different from one or more Defendants.

161.    Defendants are subject to personal jurisdiction in this District because they purposely availed themselves of the privilege of conducting activities in the United States and direct business activities toward, and conducts business with, consumers throughout the United States, including within the State of California, Furthermore, Defendants engaged in conduct that had a foreseeable, substantial effect in California and throughout the United States connected with their unlawful acts.

162.    Specifically, Defendant Evercode developed the desktop and mobile applications for Atomic Wallet, which was owned, operated, directed, and controlled, by Defendants Atomic Wallet, Gladyshev, Brusov, and Sokolov. Defendants each individually, and together jointly, targeted and made Atomic Wallet available to United States citizens and to California residents, including Plaintiffs and Class Members, via the Apple Store, Google Play, Android Store, and Windows, all of which are United States entities. Defendants each individually, and together jointly, knowingly and intentionally made Atomic Wallet available to United States citizens, and California Residents, including Plaintiffs and Class Members, as it collected users' IP addresses, email addresses, and geographic locations via email communications, chat communications, help desk communications, and an

"Unauthorized Transaction report" Google Form provided by Atomic Wallet, wherein users identified to Defendants their geographic locations. Defendants each individually, and together jointly, provided Plaintiffs and Class Members with a mnemonic seed phrase, which was created by Defendant Evercode and which Defendants represented would keep their cryptocurrency secure on the Atomic Wallet platform. Defendants each individually, and together jointly, sponsored advertisements about Atomic Wallet on YouTube, Twitter, other websites, and via social media influencers, which was geographically targeted to reach user in California and throughout the United States. Defendants each individually, and together jointly, made Atomic Wallet available for United States citizens and California residents to purchase, repurchase, invest, and/or reinvest cryptocurrency and hold funds using the Atomic Wallet platform. When the hack occurred and Plaintiffs' and Class Members' cryptocurrency was stolen, they and their mobile and/or desktop devices were located in the United States and California.

163.    Venue is proper in this District under 28 U. S. C. § 1391 because hundreds of Class Members reside in this District; Defendants engaged in business in this District; and Defendants entered into transactions and/or received substantial profits from Class Members who reside in this District.

FACTUAL ALLEGATIONS

## I.    Background on Cryptocurrency and the Products at Issue

164.    A cryptocurrency is a form of digital asset based on a network that is

distributed across many computers. At present, cryptocurrencies are not issued by central governments or authorities. Bitcoin is the most well-known cryptocurrency, but there are thousands of others. The value of some cryptocurrencies fluctuates with respect to the U.S. Dollar and all other fiat currencies. Other cryptocurrencies, like U.S. Dollar Coin, are so-called stablecoins because their value is pegged to a fiat currency-for U.S. Dollar Coin, the U.S. Dollar.

165.    Different cryptocurrencies are typically designated by three-or four-letter symbols, like stock tickers. Bitcoin's is BTC. U.S. Dollar Coin is USDC. Coins at issue in this case include ETH, BZRX, OOKI, and several others.

166.    The system by which a network of computers securely and publicly records the transactions of a given cryptocurrency is called a blockchain. There are several different blockchains that record transactions of a variety of different cryptocurrencies. The blockchains at issue in this case are called Ethereum, Polygon, and the Binance Smart Chain. Each of these blockchains has a "native" cryptocurrency, in which the computers operating the network are rewarded, and supports other cryptocurrency transactions as well. Ethereum's native cryptocurrency, for example, is Ether (ticker: ETH).

167.    A cryptocurrency token is a unit of a specific virtual currency. These tokens are fungible and tradeable.

168.    Cryptocurrency tokens are held via a virtual wallet. The wallet is secured using cryptography and can typically be accessed only with a lengthy

Class Action Complaint and Demand for Jury Trial

passphrase, which is a form of strong password. The wallet has an address-typically a seemingly random of string of letters and numbers-that can be published on the blockchain without revealing the identity of the wallet-holder.

169.    For cryptocurrency to reasonably function in a sophisticated marketplace, users must transact between currencies, crypto- or otherwise; must be able to lend and borrow; and must be able to earn some rate of return on stored assets.

170.    Equally important is that wallets in which these assets are stored must have an architecture and design, along with safety measures, which reasonably protect the stored assets from being compromised or hacked.

## II.    Defendants' Russian Origins and Web of Interrelated Companies

171.    Defendants together operate a web interrelated of crypto blockchain companies that purposefully "decentralized" and incorporated in various countries throughout the world in an effort to avoid regulation and hide their Russian origins from the public and from regulators.

172.    Defendants operate under the same corporate structure as many other Russian-affiliated crypto and blockchain players: they incorporate in Estonia or Malta as a "decentralized" company that claims to be "globally-oriented" and publicly use false names to disguise their Russian identity. Gladyshev has reportedly stated, "***We are not like pushing it on the front page. Russian developers?***

1  ***C'mon!***"[8] Russia does not recognize cryptocurrency exchanges as legal banking

2  entities and does not recognize cryptocurrency as a valid asset.

3      173.    Defendants' connections are depicted in the graphic below:



174.    Changelly, a noncustodial instant cryptocurrency exchange, was

founded by Defendant Gladyshev and others in 2013. Gladyshev became CEO in

2015, and Brusov began serving as COO In 2017. Later in 2018, around the time

that Defendant Atomic Wallet was established and that the Czech Republic began

implementing KYC/AML procedures, Changelly moved its incorporation to Malta,

---

[8] https://decrypt.co/11652/why-russian-crypto-companies-hide-their-identity, last accessed July 5, 2023.

Class Action Complaint and Demand for Jury Trial

Gladyshev stepped down as CEO, and Defendant Brusov was appointed as CEO.

175.    Brusov confirmed that the move to incorporate in Malta was motivated by avoiding regulation. When asked whether Changelly would ever "introduce mandatory KYC if pressed by regulators," Brusov responded: "I can imagine that coming, I guess we will have to look for a way to establish a compromise. By the way, we're planning to move our jurisdiction to Malta soon[.]"[9]

176.    Atomic Wallet integrates Changelly on its platforms to effect instant exchanges of cryptocurrencies in the app, and Gladyshev has stated "Changelly was the first project I worked at as CEO. Now it is one of our key partners[.]"[10]

177.    Atomic Wallet's software was developed by Defendant Evercode Lab, at the direction of Defendants Brusov and Sokolov. According to its website, Evercode Lab was responsible for development of the wallet, app creation and installation, account setup, app updates, and technical and marketing support. In particular, Evercode Lab provided "Mnemonic phrase for security and privacy" and has at all times been responsible for updates to the wallet and apps.

178.    Up until at least June 1, 2023, Evercode Labs had an entire page on its website dedicated to its development of Atomic Wallet.[11] Evercode Lab took down the Atomic Wallet page following the June 2023 hack, but a snapshot as of June 1,

---

[9] https://bitcoinist.com/changelly-ceo-speaks-on-monero-controversy-and-shapeshift-ending-anonymity-interview/ (last accessed June 30, 2023).
[10] https://changenow.io/blog/know-the-wallet-atomic (last accessed June 30, 2023)
[11] https://web.archive.org/web/20230601232054/https://evercodelab.com/cases/atomic

Class Action Complaint and Demand for Jury Trial

2023, it is still accessible via Wayback Machine.

179.    ***Evercode Lab developed Atomic Wallet and made it available to users within a mere 4 months***. Its beta release was done within 6 months. Evercode Lab represents to users that Atomic Wallet "combines the maximum level of security possible as well as anonymity for its end-users" and that "safety and convenience were our priorities[.]"

180.    Evercode created for Atomic Wallet mnemonic keys, a set of 12 randomly generated words, which it claims were "stored by users only" and "cannot be stolen[.]" They also claim that with the wallet's Atomic Swap system "it is virtually impossible" for sensitive data to be lost or stolen. A 2020 blog post from Evercode Lab also states regarding Atomic Wallet, "The novelty of this wallet lies in usability and incapacity of private keys stealing because they don't get to the network."[12]

**Evercode Lab Website as of June 1, 2023:**

---

[12] https://evercodelab.medium.com/development-of-atomic-wallet-and-guarda-wallet-b3236569ad8f, last accessed July 6, 2023

Class Action Complaint and Demand for Jury Trial

## Atomic wallet – universal cryptocurrency wallet

The Evercode Lab team developed a multi-cryptocurrency wallet making it possible to perform cross-blockchain swaps. This wallet can be used in an anonymous fashion and stores keys exclusively on users' devices.

### Security

To begin with, we engineered a dependable authorization system without compromising quality. The idea was to generate a mnemonic key, a set of 12 randomly generated words. Such phrases are stored by users only and used as logins to restore the wallet on other devices and as password recovery codes.

We also managed to enable users to sign transactions on their devices. As a result, it is not necessary to transfer unique keys to the network. Hence, these keys cannot be stolen there.

**Evercode Lab Website as of July 6, 2023:**

# 404

## Page not found

## Sorry :(

# We coudn't find this page

**III.    Atomic Wallet and its Promises**

Class Action Complaint and Demand for Jury Trial

181.    Atomic Wallet describes itself as a "non-centralized custodial" crypto wallet used "for buying, staking, & exchanging" that is "[t]rusted by 5,000,000 users worldwide."

182.    Atomic Wallet represents that its platform is "secured" and promises users: "Your private keys are encrypted and never leave your device. You fully control your funds."

183.    Atomic Wallet also touts that it does not employ verification or know-your-customer "KYC" controls:



## Anonymous

No accounts, no verification, no KYC for basic features in the wallet. No one can block your funds.

184.    Atomic Wallet's website describes its service as follows:

Atomic Wallet is a non-custodial decentralized wallet. It means that you own your backup phrase and private keys, thus, you fully control your funds. We have no access to your wallet and your sensitive information.

Class Action Complaint and Demand for Jury Trial

Your 12-words backup and private keys are stored locally on your device and strongly encrypted. Moreover, your funds are not located in the wallet itself, there are safely stored on the blockchain. Atomic Wallet connects directly to the blockchain nodes and shows the information about your balances, transaction history and everything you see in the wallet. It also allows you to perform transactions on the blockchain. Atomic Wallet also provides you with exchange and buying crypto services with the help of our partners.

185.    The website further explains that user private keys and backup phrases are stored locally on user devices and "strongly encrypted" and that the wallet and all operations within it are password-protected. Atomic Wallet claims not to store any "private data" and claims that wallets are safe so long as users do not compromise their own devices or share their 12-wor backup or private keys. Atomic Wallet states on its website, "***Your backup is like a key to your wallet, whoever owns it, owns the funds. Take your passwords seriously***."

186.    As set forth below, Atomic Wallet failed to take its own advice.

187.    Atomic Wallet's failure to implement security measures, including those recommended by its own consulting security safety group, resulted in thousands of users' private keys being compromised by hackers in June 2023, resulting in over $100 million of losses to affected users.

188.    The stolen funds appear at this point to be unrecoverable.

189.    As set forth fully below, Defendants failed to take reasonable steps to secure the platform and prevent the theft that occurred as a result.

Class Action Complaint and Demand for Jury Trial

**IV.    Defendants Were on Notice of Security Vulnerabilities on the Atomic Wallet Platforms but Failed to Inform Users of Relevant Risks and Failed to Mitigate Against Those Risks.**

    **a.    The Least Authority Audit Revealed Security Vulnerabilities and Recommended Action.**

190.    Almost two years before Atomic Wallet user wallets throughout the world were hacked, resulting in over $100 million in lost cryptocurrency-related assets, Defendants hired crypto research and security group Least Authority to conduct "a comprehensive security audit of the Atomic Wallet system design, in addition to the corresponding core, desktop, and mobile coded implementations" which began on March 3, 2021 and concluded upon delivery of the Initial Audit Report on April 7, 2021.

191.    In April 2021, Least Authority advised defendants of serious "existing security vulnerabilities" impacting the security of user wallets and funds. Least Authority reported that users were vulnerable to a total loss of assets due to the current use and implementation of cryptography, a lack of adherence to wallet system best practices and standards, a lack of robust project documentation, and an incorrect use of Electron, a framework for building desktop apps.

192.    In a published statement arising from its original audit and subsequent audits of Atomic Wallet, Least Authority stating in relevant part:

*[W]e strongly recommend that the Atomic Wallet team immediately notify users of the existing security vulnerabilities. In addition, until the issues and suggestions outlined in the report have been*

***sufficiently remediated and the Atomic Wallet has undergone subsequent security audits, we strongly recommend against the Atomic Wallet's deployment and use.***[13]

193.    Least Authority confirmed that despite Defendants' knowledge of existing security vulnerabilities to protect user assets and private data, and recommendations to cure those security vulnerabilities, Defendants took no action to do so. Facing Defendants' refusal to remedy the security vulnerabilities, Least Authority warned Defendants it planned to write a blog post alerting existing users of the security vulnerabilities and offered Defendants an opportunity to take remedial action before doing so. Defendants still chose to take no action, and Least Authority wrote the blog post, which outlined Defendants' repeated failure to take action:

> Following the delivery of the Initial Audit Report, the Atomic Wallet team provided a response to our findings on 16 November 2021. During the verification phase, our team reviewed the commits provided by Atomic Wallet and found that a significant number of issues and suggestions remain unresolved and that the implementation in its current state continues to be a security risk for users
>
> . . .
>
> [W]e notified the Atomic Wallet team of our plans to responsibly disclose the risk to users and invited them to work collaboratively with

---

[13] https://web.archive.org/web/20220210153123/https://leastauthority.com/blog/disclosure-of-security-vulnerabilities-in-atomic-wallet/ (last accessed June 30, 2023) (emphasis added).

Class Action Complaint and Demand for Jury Trial

us in hopes that they would take immediate action, as recommended. We provided the Atomic Wallet team several opportunities to address the issues in our report and reached out several times to inform them of our reasoning and intentions prior to publishing this blogpost. However, they have not provided a sufficient or timely response after several suggestions by our team encouraging their proactive participation in this disclosure to alert users.

194.    Defendants did not undertake due diligence and remedial measures addressing vulnerabilities in its Atomic Wallet. Rather, Gladyshev responded with the following representations:

- We have taken all the issues discovered by Least Authority into full account.

- For some issues, we have already released corresponding patches and notified Least about doing so.

- To implement the remaining suggestions, we will need to rework some parts of our application's core architecture. This will take some more time as per our estimate, but we are working on it. ***None of those issues pose any security risks to our users***, as Atomic is a non-custodial wallet and all data is stored locally on users' devices. We are expecting to implement the rest of Least's suggestions in Q2 2022. Once we are done, we will re-audit the application.

- Atomic Wallet has undergone two security audits so far. The other audit, conducted by DerSecur Ltd, asserted: "The application's average security score is 4.7. This result is higher than the market average. ***The application can be considered secure enough***, nevertheless, we recommend bringing to the attention vulnerabilities discovered during the audit and consulting with the detailed results."

- Security is our highest priority, and we are continuously working on improving Atomic Wallet. Therefore, we have thoroughly reviewed Least's report and will be done implementing their recommendations in full in Q2,

Class Action Complaint and Demand for Jury Trial

2022.[14]

195.    Despite Defendants' promises and reassurances to customers of security, Atomic Wallet lacked reasonable safeguards and failed to implement measures to correct and mitigate against known security deficiencies. As a result, thousands of user wallets were hacked, and the Plaintiffs' funds stolen. Plaintiffs' wallets were vulnerable because of Defendants failure to implement security measures including those recommended by its own consulting security safety group. Defendants knew the risks in their security systems, and the measures recommended to mitigate those risks as reasonably necessary to protect Plaintiffs' wallets from a hack. The end result was a total theft of over $100 Million in US Dollar equivalents.

**b. In June 2023, Hackers Exploited Atomic Wallet's Known Security Vulnerabilities and Stole over $100 Million in US Dollar Equivalents.**

196.    On June 3, 2023, numerous sources began reporting an attack on Atomic Wallet that resulted in significant financial losses for many victims, including Plaintiffs in this action. According to Elliptic Connect ("Elliptic"), a blockchain analysis company, an estimated 5,500 crypto wallets have been affected by the attack, and losses have been reported at over $100 million. In many cases, users have lost entire portfolios.

---

[14] Henken, *Least Authority Discloses Security Risks in Atomic Wallet* (Feb. 22, 2022), available at https://www.coindesk.com/tech/2022/02/10/least-authority-discloses-security-risks-in-atomic-wallet/ (last accessed June 21, 2023) (emphasis added).

Class Action Complaint and Demand for Jury Trial

197.    On June 4, 2023, Atomic Wallet downplayed the hack on both its blog and its official Twitter account, reporting that "less than 1% of our monthly active users have been affected/reported," and that the "[s]ecurity investigation is ongoing" but has failed to provide any explanation as to the root cause of the losses.

198.    Elliptic has traced stolen funds and linked them to the notorious Lazarus Group. Lazarus Group is a well-known and state-sponsored hacking group out of North Korea believed to be responsible for stealing over $2 billion in cryptocurrency through various schemes. The U.S. FBI named Lazarus the prime suspect in a $100 million Harmony Protocol hack earlier this year. Lazarus is thus a known threat throughout the cryptocurrency marketplace.

199.    The Elliptic investigation has revealed that the funds have been linked to a coin mixing service called Sinbad—the preferred mixer of Lazarus—and the funds are being swapped for bitcoin (BTC) before being laundered through Sinbad. Coin mixers enable anonymity in cryptocurrency transactions by randomly mixing crypto transfers to obscure the origin and destination of the funds.

200.    Ellpitic's analysts found that the Sinbad mixer was a clone of a different, previously-sanctioned mixer, Blender, and Lazarus had laundered over $100 million in stolen funds using Sinbad by February 2023.

201.    Atomic Wallet has since taken down their download server, "get.atomicwallet.io," likely out of concern that their software was breached and to prevent the spread of further compromises.

202.    Atomic Wallet is now collecting information from victims, asking what operating system they are using, where they downloaded the software, what was done before crypto was stolen, and where the backup phrase was stored. Victims are also asked to submit this information, and more, on a Google Docs "unauthorized transaction report" form[15] that was created to investigate the incident.

203.    Based on the mass losses due to a single event hack, Defendants failed in providing sufficient security to prevent the hack which clearly infiltrated Defendants' servers and/or architecture of its Atomic Wallet design enabling the theft of Plaintiffs' and others similarly situated assets and cryptocurrency property.

**V.    Defendants Profits from Trade Fees.**

204.    Atomic Wallet charges customers fees for use of the platform, which represent Defendants' primary revenue source.

205.    Atomic Wallet charges trade fees of 2-5%[16] for transactions involving fiat currency. In addition, the Atomic Website notes that the card's issuing bank will charge a processing fee that "can be quite high (around ~ 5%) as buying crypto purchases is seen as a high-risk operation."

206.    Atomic Wallet charges all users a "network fee" for its "mining" services involved in processing transactions, including its Staking Service. The

---

[15] Available at https://docs.google.com/forms/d/1sSFm8VHKm-ifnjCGj-JA2godUWEOtV9tHVel-DAaqVw/viewform?edit_requested=true.
[16] While one section of the Atomic Wallet website states, "there is a flat 2% fee ($10 min) that you'll have to pay if you buy cryptocurrency with fiat," another section states, "Atomic Wallet charges a flat 5% fee, with a minimum of $10 per operation."

Class Action Complaint and Demand for Jury Trial

Atomic Wallet website states that the fee "goes to miners to process [the staking] transaction" and "the fee size depends on the network's current load. The more transactions are queued to get confirmed, the higher the fee will be." The website further states:

> Think about it this way: when making a transaction, you're the miners' client. Since any miner is always looking to increase their revenue, they'll first choose the transactions that offer the highest potential pay. When the network is overloaded and lots of transactions are queued to get completed, some people will be willing to offer higher fees to make their transactions more appealing to miners and thus speed up the confirmation process. Therefore, the average network fee will go up.

207.    Atomic Wallet also charges a separate variable network fee for trades in BTC, LTC, and DGB, which changes depending on "the number of inputs" a single transaction will have. The website explains:

> What are inputs? Imagine you need to buy something that costs $350, and you need to pay with cash. Since a $350 bill doesn't exist, you'll use three $100 bills and one $50 bill. It will be quite easy for the cashier to count the money. If you use 35 $10 bills instead, though, things will get a bit harder.

> This works the same way on the blockchain. If Bob has 0.45 BTC on his balance, this amount is likely composed of numerous smaller BTC pieces. Instead of saying he owns 0.45 BTC, it would be more accurate to say he owns 0.1 + 0.2 + 0.1 + 0.05 BTC. Therefore, if he wanted to transfer 0.15 BTC to Alice, he'd be sending her 0.1 + 0.05 BTC, as opposed to a single 0.15 BTC piece.

These 'pieces' are inputs. The more you're sending, the heavier the transaction will be.

208.    Atomic Wallet charges a separate fee for trades in ETH, which reportedly "has no impact on the network fee size."

209.    Atomic Wallet partners with exchanges and offers additional fees on those exchanges amounting to 0.5% plus the exchange partner commission.

**VI.    Defendants Purposely Availed Themselves of U.S. Jurisdiction by Targeting United States and California Residents and Causing Foreseeable Harm to United States and California Residents.**

210.    Defendants each individually, and together jointly, targeted and made Atomic Wallet available to United States citizens and California residents, including Plaintiffs and Class Members, via the Apple Store, Google Play, Android Store, and Windows, all of which are United States entities.

211.    Defendants intentionally made the Atomic Wallet desktop and mobile apps, including the mnemonic keys and app updates, available to U.S. and California residents and caused foreseeable harm that Defendants knew was likely to be suffered in the U.S. and California.

212.    Defendants designed the Atomic Wallet desktop and mobile applications to be appealing and accessible to U.S. users, advertised and marketed the app directly to U.S. and California customers, and provided technical support to U.S. and California users.

213.    Defendants made the Atomic Wallet desktop and mobile applications and their terms of service available to U.S. and California consumers in English and launched promotional advertising and social media campaigns that were directed toward, and did reach, U.S. and California residents.

214.    Defendants provided technical support in English to U.S. and California residents via online chat functionality and via emails to U.S. and California residents who were using U.S.-based email accounts.

215.    As a direct result of Defendants' design, marketing, and advertisement of the Atomic Wallet desktop and mobile applications, which were directed toward and available to U.S. and California users, U.S. and California users were injured in that their cryptocurrency funds were hacked and stolen while they were using Atomic Wallet and located in California and the U.S.

216.    The injury that occurred to Plaintiffs and Class Members was foreseeable, and it was foreseeable that the harm would occur in California and throughout the United States.

217.    Defendants made the Atomic Wallet app available to U.S. and California users via download on Google Play, a U.S. application store, thereby availing themselves of the U.S. market and making it reasonable for Defendants to anticipate being subject to U.S. jurisdiction for disputes involving U.S. users.

218.    The Google Play Developer Distribution Agreement (DDA) requires developers like Defendants to comply with U.S. legal frameworks, including dispute

resolution mechanisms. For example, the DDA explicitly states that disputes must be resolved under the exclusive jurisdiction of courts in Santa Clara County, California, and governed by U.S. law. This forum-selection clause binds all developers globally, including foreign entities, as a condition of accessing Google Play's distribution platform.

219.    Google Play also mandates Defendants' adherence to various U.S. laws and regulations, including export controls, privacy laws, and payment systems. For instance, apps handling user data must comply with U.S. privacy standards, and revenue-sharing agreements are often structured under U.S. contractual norms.

220.    By making their app available to U.S. users and monetizing through Apple's U.S.-based payment systems, Defendants voluntarily engaged in commerce tied to the United States, creating a foreseeable jurisdictional nexus.

221.    Defendants voluntarily submitted themselves to these requirements, availing themselves of the U.S. market and making it reasonable for Defendants to anticipate being subject to U.S. jurisdiction for disputes involving U.S. users.

222.    Defendants also made the Atomic Wallet app available to U.S. and California users via download on the Apple App Store, a U.S. application store, thereby availing themselves of the U.S. market and making it reasonable for Defendants to anticipate being subject to U.S. jurisdiction for disputes involving U.S. users.

223.    The Apple App Store Connect Terms of Service requires developers to

Class Action Complaint and Demand for Jury Trial

comply with U.S. legal frameworks, including dispute resolution mechanisms.

224.    Apple's App Store Connect Terms of Service mandate that disputes related to app distribution are governed by California law and subject to exclusive jurisdiction in the Northern District of California. Developers like Defendants must agree to these terms to list apps on the App Store, creating a binding contractual obligation.

225.    Similarly, Apple's Standard End User License Agreement (EULA) requires litigation in Santa Clara County, California, for disputes arising from app usage. By accepting these terms, foreign developers waive objections to U.S. jurisdiction and agreed to resolve claims in designated U.S. forums.

226.    The Apple App Store mandates adherence to various U.S. laws and regulations, including export controls, privacy laws, and payment systems. For instance, apps handling user data must comply with U.S. privacy standards, and revenue-sharing agreements are often structured under U.S. contractual norms.

227.    By making their app available to U.S. users and monetizing through Apple's U.S.-based payment systems, Defendants voluntarily engaged in commerce tied to the United States, creating a foreseeable jurisdictional nexus.

228.    Defendants voluntarily submitted themselves to these requirements, availing themselves of the U.S. market and making it reasonable for Defendants to anticipate being subject to U.S.

229.    Defendants also made the Atomic Wallet app available to U.S. and

California users via Windows Store, Microsoft's U.S. application store, thereby availing themselves of the U.S. market and making it reasonable for Defendants to anticipate being subject to U.S. jurisdiction for disputes involving U.S. users.

230.    Microsoft's App Developer Agreement requires developers to comply with U.S. legal frameworks, including dispute resolution mechanisms.

231.    Microsoft's App Developer Agreement requires developers to consent to jurisdiction in Washington state courts for disputes. By accepting these terms, the foreign developers like Defendants agree to resolve legal claims related to U.S. users in U.S. forums, effectively waiving objections to personal jurisdiction. By accepting these terms, Defendants waives objections to U.S. jurisdiction and agreed to resolve claims in designated U.S. forums.

232.    Making an app available via Windows Store mandates adherence to various U.S. laws and regulations, including export controls, privacy laws, and payment systems. For instance, apps handling user data must comply with U.S. privacy standards, and revenue-sharing agreements are often structured under U.S. contractual norms.

233.    By making their app available to U.S. users and monetizing through Microsoft's U.S.-based payment systems, Defendants voluntarily engaged in commerce tied to the United States, creating a foreseeable jurisdictional nexus.

234.    Defendants voluntarily submitted themselves to these requirements, availing themselves of the U.S. market and making it reasonable for Defendants to

Class Action Complaint and Demand for Jury Trial

anticipate being subject to U.S. jurisdiction for disputes involving U.S. users, including claims brought against Defendants within the State of California.

## CLASS ALLEGATIONS

235.    As detailed below in the individual counts, Plaintiffs brings this lawsuit on behalf of themselves and all others similarly situated, pursuant to Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the Federal Rules of Civil Procedure.

**I.** Class Definitions

236.    Plaintiffs seek to represent the following Nationwide Class and subclasses (collectively, the "Classes"):

(1)    **Nationwide Class:** All persons or entities in the United States who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

(2)    **California Subclass:** All persons or entities in the state of California who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

(3)    **Arizona Subclass:** All persons or entities in the state of Arizona who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose

Class Action Complaint and Demand for Jury Trial

assets were stolen in June 2023;

**(4)**    **Colorado Subclass:** All persons or entities in the state of Colorado who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(5)**    **Connecticut Subclass:** All persons or entities in the state of Connecticut who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(6)**    **Florida Subclass:** All persons or entities in the state of Florida who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(7)**    **Georgia Subclass:** All persons or entities in the state of Georgia who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(8)**    **Idaho Subclass**: All persons or entities in the state of Idaho who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets

Class Action Complaint and Demand for Jury Trial

were stolen in June 2023;

**(9)**    <u>**Iowa Subclass:**</u> All persons or entities in the state of Iowa who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(10)**    <u>**Illinois Subclass:**</u> All persons or entities in the state of Illinois who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(11)**    <u>**Indiana Subclass:**</u> All persons or entities in the state of Indiana who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(12)**    <u>**Kansas Subclass**</u>: All persons or entities in the state of Kansas who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(13)**    <u>**Kentucky Subclass**</u>: All persons or entities in the state of Kentucky who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and

whose assets were stolen in June 2023;

**(14)** **Maryland Subclass:** All persons or entities in the state of Maryland who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(15)** **Massachusetts Subclass**: All persons or entities in the state of Massachusetts who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(16)** **Michigan Subclass**: All persons or entities in the state of Michigan who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(17)** **Missouri Subclass**: All persons or entities in the state of Missouri who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(18)** **New Jersey Subclass**: All persons or entities in the state of New Jersey who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and

Class Action Complaint and Demand for Jury Trial

whose assets were stolen in June 2023;

**(19)    New Mexico Subclass**: All persons or entities in the state of New Mexico who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(20)    New York Subclass**: All persons or entities in the state of New York who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(21)    North Carolina Subclass**: All persons or entities in the state of North Carolina who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(22)    Nevada Subclass**: All persons or entities in the state of Nevada who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(23)    Ohio Subclass:** All persons or entities in the state of Ohio who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets

were stolen in June 2023;

**(24)** <u>**Oregon Subclass**</u>: All persons or entities in the state of Oregon who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(25)** <u>**Pennsylvania Subclass**</u>: All persons or entities in the state of Pennsylvania who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(26)** <u>**South Carolina Subclass**</u>: All persons or entities in the state of South Carolina who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(27)** <u>**Tennessee Subclass**</u>: All persons or entities in the state of Tennessee who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(28)** <u>**Texas Subclass**</u>: All persons or entities in the state of Texas who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose

assets were stolen in June 2023;

**(29)**    **Utah Subclass**: All persons or entities in the state of Utah who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(30)**    **Virginia Subclass**: All persons or entities in the state of Virginia who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(31)**    **Washington Subclass**: All persons or entities in the state of Washington who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023;

**(32)**    **Wisconsin Subclass**: All persons or entities in the state of Wisconsin who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet platform and whose assets were stolen in June 2023; and

**(33)**    **West Virginia Subclass**: All persons or entities in the state of West Virginia who, within the applicable limitations period, purchased, repurchased, invested, and/or reinvested cryptocurrency on the Atomic Wallet

platform and whose assets were stolen in June 2023.

Excluded from the Classes are Defendants and their officers, directors, affiliates, legal representatives, and employees; any governmental entities; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

237.    The Class Period is January 1, 2017, through the present.

238.    Plaintiffs reserve the right to modify or amend the definition of the proposed Classes, or to include additional classes or subclasses, if investigation or discovery indicate that the definitions should be narrowed, expanded, or otherwise modified, before or after the Court determines whether such certification is appropriate as discovery progresses.

**II.** Numerosity

239.    The Classes are comprised of thousands of consumers, who used the Atomic Wallet platform and whose assets were stolen in June 2023. Membership in the Classes are thus so numerous that joinder of all members is impracticable. The precise number of class members is currently unknown to Plaintiffs but is easily identifiable through other means, such as through Atomic Wallet's corporate records, including its internal investigation into the hack,self-identification and blockchain analytics.

**III.** Commonality/Predominance

240.    This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

(a)    Whether Defendants owed a duty to Plaintiff and the Classes;

(b)    whether Defendants breached their duty to Plaintiff and the Classes;

(c)    whether Defendants' actions were the proximate and actual cause of Plaintiffs' and the Classes' losses

(d)    the type and measure of damages suffered by Plaintiffs and the Classes;

(e)    whether Plaintiffs and the Classes have sustained monetary loss, and the measure of that loss;

(f)    whether Plaintiffs and the Classes are entitled to consequential damages, punitive damages, statutory damages, disgorgement, and/or other legal or equitable appropriate remedies as a result of Defendants' conduct.

**IV.** Typicality

241.    Plaintiffs' claims are typical of the claims of the members of the Classes because all members were injured through the uniform misconduct in violation of laws described herein. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all such members. Plaintiffs and members of the Classes have sustained damages from Defendants' common course of unlawful conduct.

Further, there are no defenses available to any Defendants that are unique to Plaintiffs.

**V.** Adequacy of Representation

242.    Plaintiffs will fairly and adequately protect the interests of the members of the Classes. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse, conflicting, or antagonistic interests to those of the Classes. Plaintiffs anticipate no difficulty in the management of this litigation as a class action. To prosecute this case, Plaintiffs have chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of consumer class litigation.

**VI.** Ascertainability

243.    Members of the Classes are readily ascertainable and identifiable. Members of the Classes may be identified by records maintained by Defendants or their agents and/or through blockchain ledger information.

**VII.**    Requirements of Fed. R. Civ. P. 23(b)(3)

244.    The questions of law or fact common to Plaintiffs' and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Classes. All claims by Plaintiffs and the unnamed members of the Classes are based on the common course of conduct by Defendants.

245.    Common issues predominate when, as here, liability can be determined

on a class- wide basis, even when there will be some individualized damages determinations.

246.    As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Classes as is in the case at bar, common questions will be held to predominate over individual questions.

a.  Superiority

247.    A class action is superior to individual actions for the proposed Classes, in part because of the non-exhaustive factors listed below:

(a)    Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside worldwide, nationwide, and throughout the state;

(b)    Individual claims by Class members are impracticable because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions;

(c)    There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

(d)    The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

(e)    Individual suits would not be cost effective or economically maintainable as individual actions; and

(f)    The action is manageable as a class action.

**VIII.**    Requirements of Fed. R. Civ. P. 23(c)(4)

248.    As it is clear that one of the predominant issues regarding Defendants' liability is whether Defendants acted negligently, utilizing Rule 23(c)(4) to certify

the Class for a class wide adjudication on this issue would materially advance the disposition of the litigation as a whole.

**IX.** Nature of Notice to the Proposed Class.

249.    The names and addresses of all Class Members are contained in the business records maintained by Atomic Wallet and are readily available to Atomic Wallet. Alternative notice will be proposed in the form of electronic internet-based NFTs and/or traditional internet-based communications and/or notices or advertisements. The Class Members are readily and objectively identifiable. Plaintiffs contemplate that notice will be provided to Class Members by e-mail, mail, and published notice.

## COUNT 1
## Negligence
## <u>(Plaintiffs Individually and on behalf of the Classes)</u>

250.    Plaintiffs repeat and re-allege the allegations contained above, as if fully set forth herein.

251.    Defendants owed Plaintiffs a duty to maintain the security of the funds in Atomic Wallet wallets, including but not limited to putting in place procedures such that a hacking attack would not result in a multi-million dollar theft; it breached that duty; and Defendants' actions in breaching their duty were the proximate and but-for cause of an injury-namely, the loss of funds deposited with Plaintiffs' Atomic Wallet wallets.

252.    Defendants owed Plaintiffs a duty ensure that important passwords or security details could not be revealed to bad actors; it breached that duty; and Defendants' actions in breaching their duty were the proximate and but-for cause of an injury-namely, the loss of funds deposited with Plaintiffs' Atomic Wallet wallets.

253.    Defendants owed Plaintiffs a duty secure against malicious attacks that could result in the theft of millions of dollars of assets; it breached that duty; and Defendants' actions in breaching their duty were the proximate and but-for cause of an injury-namely, the loss of funds deposited with Plaintiffs' Atomic Wallet wallets.

254.    Defendants are therefore jointly and severally liable for Plaintiffs' injuries.

## COUNT 2
## Gross Negligence
## (Plaintiffs Individually and on behalf of the Classes)

255.    Plaintiffs repeat and re-allege the allegations contained above, as if fully set forth herein.

256.    Defendants owed Plaintiffs a duty to maintain the security of the funds in Atomic Wallet wallets, including but not limited to putting in place procedures such that a hacking attack would not result in a multi-million dollar theft; it breached that duty; and Defendants' actions in breaching their duty were the proximate and but-for cause of an injury-namely, the loss of funds deposited with Plaintiffs' Atomic Wallet wallets.

257.    Defendants failed to act in a reasonable manner by intentionally deciding not to implement security measures that a reasonable company in the same industry should have implemented under the circumstances.

258.    Defendants acted willfully and wantonly with a reckless disregard for Plaintiffs' and Class Members' funds when Defendants consciously and knowingly failed to implement appropriate security measures to protect user funds against malicious attacks, despite knowledge of existing security vulnerabilities and recommended action plans to address such vulnerabilities.

259.    Defendants owed Plaintiffs a duty ensure that important passwords or security details could not be revealed to bad actors; it breached that duty; and Defendants' actions in breaching their duty were the proximate and but-for cause of an injury-namely, the loss of funds deposited with Plaintiffs' Atomic Wallet wallets.

260.    Defendants owed Plaintiffs a duty secure against malicious attacks that could result in the theft of millions of dollars of assets; it breached that duty; and Defendants' actions in breaching their duty were the proximate and but-for cause of an injury-namely, the loss of funds deposited with Plaintiffs' Atomic Wallet wallets.

261.    Defendants are therefore jointly and severally liable for Plaintiffs' injuries.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT 3

## Fraudulent Misrepresentation

## (Plaintiffs Individually and on behalf of the Classes)

262.    Plaintiffs repeat and re-allege the allegations contained above, as if fully set forth herein.

263.    Defendants made numerous misrepresentations of material facts to Plaintiffs and Class Members about the security and safety of the Atomic Wallet platforms, including purported surveillance and controls that were in fact virtually non-existent.

264.    Defendants had knowledge of their misrepresentations at the time, as they security vulnerabilities had been identified by their own consulting security safety group.

265.    Defendants failed to share those security vulnerabilities with Plaintiffs and Class Members and instead touted and misrepresented the security of their platforms.

266.    Defendants made such misrepresentations with the intention inducing confidence and driving consumers to use their platforms as a non-centralized custodial crypto wallet and to engage in their buying, staking, and exchange services.

267.    Defendants intended that Plaintiffs and Class Members would act upon their misrepresentations by either deciding as a new user to use the platform and services or deciding as an existing user to continue using the platform and services.

Class Action Complaint and Demand for Jury Trial

268.    Plaintiffs and Class Members were unaware of the falsity of the misrepresentations made by Defendants.

269.    Defendants' misrepresentations induced Plaintiffs and Class Members into using Defendants' platforms as a non-centralized custodial crypto wallet and to engage in their buying, staking, and exchange services.

270.    Plaintiffs and Class Members actually relied on Defendants' misrepresentations and omissions in deciding to use Defendants' platforms as a non-centralized custodial crypto wallet and to engage in their buying, staking, and exchange services.

271.    Plaintiffs' and Class Members' reliance on Defendants' misrepresentations was reasonable.

272.    Plaintiffs' and Class Members' reliance on Defendants' misrepresentations resulted in damage to Plaintiffs and Class Members, including but not limited to the loss of funds deposited with Plaintiffs' Atomic Wallet wallets.

273.    Defendants are therefore jointly and severally liable for Plaintiffs' injuries.

## COUNT 4
### Fraudulent Concealment
### (Plaintiffs Individually and on behalf of the Classes)

274.    Plaintiffs repeat and re-allege the allegations contained above, as if fully set forth herein.

Class Action Complaint and Demand for Jury Trial

275.    Defendants concealed from Plaintiffs and Class material facts regarding the security and safety of the Atomic Wallet platforms, including but not limited:

- Security vulnerabilities identified by their own consulting security safety group;

- Courses of action recommended by Defendants' consulting security safety group to address existing security vulnerabilities; and

- Defendants' failure to implement such recommended courses of action or any other courses of action to remedy the known, existing security vulnerabilities.

276.    Defendants had knowledge of the concealment of such material facts.

277.    Plaintiffs and Class Members were unaware of the falsity of the omissions and concealment of material facts made by Defendants.

278.    Defendants concealed such material facts with the intention inducing confidence and driving consumers to use their platforms as a non-centralized custodial crypto wallet and to engage in their buying, staking, and exchange services.

279.    Defendants intended that Plaintiffs and Class Members would act upon their omissions by either deciding as a new user to use the platform and services or deciding as an existing user to continue using the platform and services.

280.    Defendants' concealment resulted in damage to Plaintiffs and Class Members, including but not limited to the loss of funds deposited with Plaintiffs'

Class Action Complaint and Demand for Jury Trial

Atomic Wallet wallets.

281.    Defendants are therefore jointly and severally liable for Plaintiffs' injuries.

## COUNT 5
## Civil Conspiracy
## (Plaintiffs Individually and on behalf of the Classes)

282.    Plaintiffs repeat and re-allege the allegations contained above, as if fully set forth herein.

283.    Defendants made numerous misrepresentations and omissions to Plaintiffs and the Class Members about the safety and security of the Atomic Wallet platform to induce confidence and to drive consumers to invest on its platforms, misleading customers with the false impression that assets held on its platforms were safe and secure.

284.    Defendants entered into one or more agreements with each other for the purpose of making these misrepresentations and/or omissions and to induce Plaintiffs and the Class Members to induce confidence and to drive consumers to invest on its platforms.

285.    Defendants engaged in unlawful acts, namely the negligence, misrepresentations, and omissions made to Plaintiffs and the Classes.

286.    Defendants' conspiracy substantially assisted or encouraged their own wrongdoing.

287. Defendants had knowledge of such fraud and wrongdoing because of their relationships, as described above, and, as such, knew that the representations made to Plaintiffs were deceitful and fraudulent.

288. Defendants' conspiracy caused damages to Plaintiffs and the Classes in the amount of their lost investments.

## COUNT 6
## Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, Et. Seq.
## (Plaintiffs Individually and on behalf of the California Subclass)

289. Plaintiffs repeat and re-allege the allegations contained above, as if fully set forth herein.

290. The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendants committed "unlawful" business practices by, among other things, making the representations and omissions of material facts, as set forth more fully herein, and violating Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (6), (7), (9), and (16), and Business & Professions Code §§ 17200, et seq., 17500, et seq., and the common law.

291. In the course of conducting business, Defendants committed "unfair" business practices by, among other things, making promises and representations to users that the app was safe and secure.

292. The California Plaintiffs and the California Subclass Members relied

on Defendants' false representations and promises when entering contracts with Defendants to acquire goods and services and accepting Defendants' terms.

293.    The California Plaintiffs and Class Members received products and/or services that were of a lesser value than what they reasonably expected to receive under the bargains they struck with Defendants.

294.    Defendants misrepresented and omitted material facts regarding the characteristics, capabilities, and benefits of services they provided, including the fact that the Calfornia Plaintiffs and the California Subclass Members' cryptocurrency was susceptible to theft by bad actors and a poorly designed and maintained product. There is no societal benefit from such false and misleading representations and omissions, only harm.

295.    While the California Plaintiffs and other California Subclass Members were harmed by this conduct, Defendants were unjustly enriched. As a result, Defendants' conduct is "unfair" as it has offended an established public policy. Further, Defendants engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

296.    Defendants knew or should have known at the time that it sold goods and services to the California Plaintiffs and California Subclass Members that that cryptocurrency of users that they held on their platform would be targeted by cybercriminals.

297.    Plaintiffs    allege    violations    of    consumer    protection,    unfair

competition, and truth in advertising laws in California, resulting in harm to consumers. Defendants' acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. This conduct constitutes violations of the UCL's "unfair" prong. There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein.

298.    The UCL also prohibits any "fraudulent business act or practice." In the course of conducting business, Defendants committed "fraudulent business act[s] or practices" by, among other things, making the representations and omissions of material facts regarding the safety and security of the California Plaintiff's and California Subclass Members' cryptocurrency.

299.    Defendants' actions, claims, omissions, and misleading statements, as more fully set forth above, were also false, misleading, and likely to deceive the consuming public within the meaning of the UCL.

300.    The California Plaintiffs and California Class Members were deceived as a result of their reliance on Defendants' material representations and omissions, which are described above. Plaintiff and other California Subclass members suffered injury as a result of Defendants' violative conduct.

301.    Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

302.    Plaintiffs, on behalf of themselves and all others similarly situated,

seek injunctive relief from Defendants as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203.

## COUNT 6
## VIOLATIONS OF CONSUMER FRAUD LAWS

303.    (By Plaintiffs, on Behalf of Themselves, the California Class, and Consumer Protection Class against all Defendants and Does 1-100)

304.    Plaintiffs repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

305.    Plaintiffs brings this Count individually under the laws of the state where she purchased Product and on behalf of all other persons who purchased Product in states having similar laws regarding consumer fraud and deceptive trade practices.

306.    Plaintiffs and each of the other members of the Classes are consumers, purchasers, or other persons entitled to the protection of the consumer protection laws of the state in which they purchased the Product.

307.    The consumer protection laws of the State in which Plaintiffs and the other members of the Classes purchased the Product declare that unfair or deceptive acts or practices, in the conduct of trade or commerce, are unlawful. Forty states and the District of Columbia have enacted statutes designed to protect consumers

against unfair, deceptive, fraudulent, and unconscionable trade and business practices and false advertising and that allow consumers to bring private and/or class actions. These statutes are found at:

308. Alabama Deceptive Trade Practices Act, Ala. Code §8-19-1 *et seq.*;

309. Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Code §45.50.471 *et seq.*;

310. Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-101 *et seq.*;

311. Colorado Consumer Protection Act, Colo. Rev. Stat. §6-1-101 *et seq.*;

312. Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a *et seq.*;

313. Delaware Deceptive Trade Practices Act, Del. Code tit. 6§2511 *et seq.*;

314. District of Columbia Consumer Protection Procedures Act, D.C. Code §28 3901 *et seq.*;

315. Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §501.201 *et seq.*;

316. Georgia Fair Business Practices Act, Ga. Code Ann. §10-1-390 *et seq.*;

317. Idaho Consumer Protection Act, Idaho Code Ann. §48-601 *et seq.*;

318. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1 *et seq.*;

319. Kansas Consumer Protection Act, Kan. Stat. Ann §50 626 *et seq.*;

320.    Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §367.110 *et seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §365.020 *et seq.*;

321.    Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §51:1401 *et seq.*;

322.    Maine Unfair Trade Practices Act, Me. Rev. Stat. tit. 5 §205A *et seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. tit. 10, §1211 *et seq.*,

323.    Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

324.    Michigan Consumer Protection Act, Mich. Comp. Laws §445.901 *et seq.*;

325.    Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann.§325F.68 *et seq.,* and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §325D.43 *et seq.*;

326.    Mississippi Consumer Protection Act, Miss. Code Ann. §§75-24-1 *et seq.*;

327.    Missouri Merchandising Practices Act, Mo. Rev. Stat. §407.010 *et seq.*;

328.    Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. §30-14-101 *et seq.*;

329.   Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1601 *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §87-301 *et seq.*;

330.   Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §598.0903 *et seq.*;

331.   New Hampshire Consumer Protection Act, N.H. Rev. Stat. §358-A:1 *et seq.*;

332.   New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8 1 *et seq.*;

333.   New Mexico Unfair Practices Act, N.M. Stat. Ann. §57 12 1 *et seq.*;

334.   New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §349 *et seq.*;

335.   North Dakota Consumer Fraud Act, N.D. Cent. Code §51 15 01 *et seq.*;

336.   Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §1345.02 and 1345.03; Ohio Admin. Code §109:4-3-02, 109:4-3-03, and 109:4-3-10;

337.   Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 §751 *et seq.*;

338.   Oregon Unfair Trade Practices Act, Ore. Rev. Stat §646.608(e) & (g);

339.   Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws §6-13.1-1 *et seq.*;

340.   South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10

*et seq.*;

341.    South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§37 24 1 *et seq.*;

342.    Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 *et seq.*;

343.    Texas Business and Commercial Code, Tex. Bus. & Com. Code Ann. §17.41 – 17.63

344.    Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §2451 *et seq.*;

345.    Washington Consumer Fraud Act, Wash. Rev. Code §19.86.010 *et seq.*;

346.    West Virginia Consumer Credit and Protection Act, West Virginia Code §46A-6-101 *et seq.*; and

347.    Wisconsin Deceptive Trade Practices Act, Wis. Stat. §100.18 *et seq.*

348.    The Atomic Wallet constitutes a product to which these consumer protection laws apply.

349.    In the conduct of trade or commerce regarding its production, marketing, and sale of the Atomic Wallet, Defendants engaged in one or more unfair or deceptive acts or practices including, but not limited to, uniformly representing to Plaintiffs and each member of the Classes by means of their advertising that the Atomic Wallet was secure and cryptocurrency assets were protected.

350.    Defendants' representations and omissions were false, untrue,

misleading, deceptive, and/or likely to deceive.

351.    Defendants knew, or should have known, that their representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

352.    Defendants used or employed such deceptive and unlawful acts or practices with the intent that Plaintiffs and members of the Classes rely thereon.

353.    Plaintiffs and the other members of the Classes did so rely.

354.    Plaintiffs and the other members of the Classes downloaded the Atomic Wallet designed and distributed by Defendants which misrepresented the characteristics and nature of the Product.

355.    Plaintiffs and the other members of the Classes would not have downloaded or otherwise used the Atomic Wallet but for Defendants' deceptive and unlawful acts.

356.    As a result of Defendants' conduct, Plaintiffs and the other members of the Classes suffered significant harm.

357.    Defendants' conduct showed complete indifference to, or conscious disregard for, the rights and safety of others.

358.    Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution from Defendants of all money obtained from Plaintiffs and the other members of the Subclasses collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate.

## COUNT 7

## Unjust Enrichment

## (Plaintiffs Individually and on behalf of the Classes)

359.    Plaintiffs repeat and re-allege the allegations contained above, as if fully set forth herein.

360.    Defendants knowingly received a monetary benefit from Plaintiffs'' and Class Members' use of the Atomic Wallet platform

361.    By operating a cryptocurrency trading platform, Defendants were obligated to safeguard and protect users' cryptocurrency and to keep users' cryptocurrency safe from bad actors and cybercriminals.

362.    Defendants failed to secure Plaintiffs' and Class Members' cryptocurrency and, therefore, it would be unjust for Defendants to retain any of the benefits that they received without paying Plaintiffs and Class Members value in return.

363.    As a direct and proximate result of the Defendants' conduct, Plaintiffs and Class Members suffered injuries including, but not limited to theft of their cryptocurrency, lost profit, lost time and opportunity costs associated with attempting to mitigate the actual consequences of the theft, loss of benefit of the bargain, statutory damages, and nominal damages.

364.    Plaintiffs and Class Members are entitled to full refunds, restitution,

Class Action Complaint and Demand for Jury Trial

and/or damages from Defendants and/or an order proportionally disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct.

PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for a judgment on behalf of themselves and the Classes:

a.   Certifying the Class as requested herein;

b.   Awarding actual, direct and compensatory damages;

c.   Punitive damages as appropriate

d.   Awarding restitution and disgorgement of revenues if warranted;

e.   Awarding allowable attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54, or any other applicable provision or principle of law; and

f.   Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as to all claims so triable.

Dated: June 3, 2025                Respectfully submitted,

By:    /s/*Kiley L. Grombacher*
Kiley L. Grombacher
Bradley Grombacher, LLP
31365 Oak Crest Drive, Suite 240
Westlake Village, CA  91361
Kgrombacher@bradleygrombacher.com
Telephone:  805-270-7100
Facsimile:  805-270-7589
*Counsel for Plaintiffs and the Class*